AMERICAN PROGRESSIVE HEALTH INSURANCE COMPANY OF NEW YORK, Appellant, *v.* HENRY F. CHARTIER, as President of the Building Service Employees International Union Local No. 32E, A. F. of L. of New York, Respondent.

First Department, December 11, 1958.

*Menahem Stim* of counsel (*Allen S. Stim* with him on the brief; *Curran, Mahoney, Cohn & Stim,* attorneys), for appellant.

*William Mertens* for respondent.

*Per Curiam.* This action was instituted in 1952 to recover insurance premiums allegedly due plaintiff. While the action was pending a settlement was reached and a stipulation of discontinuance, containing the terms of settlement, was signed by the respective parties and their attorneys and filed with the clerk on January 3, 1953.

Now, more than five years later, defendant seeks, by motion, to enforce the stipulation. The terms of the settlement were somewhat involved. In addition to providing for reciprocal payments between the parties, a formula was set up for the computation of dividends to be paid by plaintiff and for the determination of reserves which were to be retained by plaintiff pending the ultimate disposition of various insurance claims. In order to enforce the stipulation the court would be required, in effect, to "police" the agreement. This the court should not do. And particularly after a lapse of more than five years.

But entirely apart from that, we think, in view of the Court of Appeals holding in *Yonkers Fur Dressing Co.* v. *Royal Ins. Co.* (247 N. Y. 435) that enforcement of the stipulation may not be ordered on motion. There it was held that a stipulation for settlement was binding upon the parties and could not be dis-

turbed on motion. While in that case it was sought to set aside the stipulation, rather than enforce it, as is requested here, we see no difference in principle. The effect of the settlement and discontinuance was to terminate the original cause of action and substitute in its place a new contract of settlement (*Yonkers Fur Dressing Co.* v. *Royal Ins. Co., supra*). See, also, *Brown* v. *Cleveland Trust Co.* (233 N. Y. 399) and *Loeb* v. *Willis* (100 N. Y. 231) which hold that where an action is discontinued by consent of the parties it is as though the action never existed. Since there is no action now pending which would serve as a vehicle for bringing on a motion, defendant must be left to a plenary action based upon the contract which was created by the stipulation.

Order reversed on the law and in the court's discretion, with $20 costs and disbursements, and the motion denied.

BOTEIN, P. J., BREITEL, RABIN and BASTOW, JJ., concur.

Order unanimously reversed on the law and in the exercise of discretion, with $20 costs and disbursements, and the motion denied, with $10 costs.