Nicholas M. Pette, J.
This was a summary holdover proceeding to evict the tenants from the first-floor apartment in a two-family house at 698 East 7th Street, Brooklyn, under the provisions of subdivision 2 of section 52 of the State Rent and Eviction Regulations, on the ground that the tenants were committing or permitting a nuisance, damaging the landlord’s property maliciously or by reason of gross negligence, that their conduct interfered with the comfort and safety of the other occupants of the building and that they had caused conditions to exist which had resulted in the placing of violations against the premises.
The proceeding came on for trial and the following stipulation of settlement was entered into on the record:
“ The coubt : It is hereby settled and agreed, by and between the above named parties, all parties having been duly sworn, that the above entitled proceeding be and the same hereby is settled as follows:
“ The tenant consents to a final order, with the warrant stayed up to and including June 30th, 1959.
“ The landlord consents upon the removal of the tenant on or before that day, that on the date of removal, if it is prior or on June 30th, 1959, he will pay the tenant $100.00 for his moving expenses.
“ The tenant denies each and every allegation of the petition and does not concede the truth of any part thereof but desires to remove from these premises in order to seek other quarters.
“ The tenant further states that he will conduct himself in a manner satisfactory to all parties concerned and, in the event that the landlord finds that the tenant does anything detrimental to the health and welfare of himself and others in the building, he is permitted to make an application to accelerate the stay on certain terms and conditions.”
The court thereupon made a final order in favor of the landlord on consent “ pursuant to the terms of the stipulation on the record ”. The final order provided that issuance of the warrant was stayed to June 30,1959 and that the tenants were to pay rent for actual use and occupation.
The tenants vacated the premises on April 16, 1959. Thereafter the landlord refused to make the $100 payment to the tenants as provided in the stipulation of settlement. The tenants subsequently moved to compel the landlord to honor the stipulation and pay them the sum of $100 as provided therein. The main grounds of opposition to the motion were:
(1) that the court was without power in this proceeding to order the landlord to pay the sum of $100, or any other sum, to *1003 the tenants, and that the tenants’ remedy was by way of an action; and
(2) that after removing all his furniture, but before surrendering his keys, the tenant Frank Patt had returned to the premises and damaged the landlord’s property.
The landlord also made known to the court that he had commenced an action against the tenants to recover $375 for damage done to the premises and contended that the court was without authority to make any determination in this proceeding with respect to the merits of that action. The motion was granted to the extent of setting the matter down for a hearing. The decision on the motion indicated that the matter was,still pending and that the court had power to enforce the stipulation. The landlord then moved for reargument. The motion was granted and upon reargument the court adhered to the original decision.
The landlord contends upon appeal that the court has no power or jurisdiction to enforce the stipulation of settlement in this summary proceeding because the proceeding was finally terminated by the stipulation and the entry of the final order thereon, and that the tenants ceased to be tenants upon the entry of the final order. He also asserts that the tenant violated the terms of the stipulation.
While it is well settled that generally a stipulation made in an action or special proceeding, including a stipulation of settlement, may be enforced either summarily by a motion in the action or proceeding to compel performance, or by separate action founded upon the stipulation brought for the same purpose (l Carmody-Wait, New York Practice, p. 600, § 18 et seq.), it seems that such power does not survive when the action or proceeding has definitely terminated. This proceeding to obtain possession of the tenants’ apartment having ceased to exist, the court was without power to enforce the stipulation summarily on motion.
Donohue v. Haven Transp. (265 N. Y. 656), cited by the court below, was a negligence action for damages for personal injuries. In the course of the trial it was announced in open court that the case had been settled and the trial was discontinued. Thereafter counsel for the defendant moved to be relieved from the settlement on the ground that the defendant had been deceived by false representations made by the plaintiff. After a hearing the Justice who had presided at the trial granted a motion by the plaintiff for judgment, based upon section 476 of the Civil Practice Act, which provides that judgment may be rendered in favor of any party and against any party at any stage of an action if warranted by the admissions of a party. The judgment was *1004 affirmed by the Appellate Division (241 App. Div. 878) and the Court of Appeals without opinion. It is readily apparent that that ease is not authority for the order here appealed from. In the Donohue case the amount which the defendant had agreed to pay in settlement was held to be an admission of liability on plaintiff’s claim. The court did not make an order on the motion directing the defendant to pay the amount agreed upon, but directed entry of judgment for that amount. No such judgment could be entered in this summary proceeding to evict the tenant where no demand for a money judgment had been made by either party.
A further reason appears why the order appealed from herein should be reversed. The stipulation of settlement terminated the litigation between the parties and gave rise to new liabilities. In Yonkers Fur Dressing Co. v. Royal Ins. Co. (247 N. Y. 435) the parties had settled the controversy involved and when the case was called on the calendar it was marked “ settled and discontinued”. Defendant’s attorney thereafter moved to vacate and annul the settlement. The motion was granted and the Appellate Division affirmed. In reversing the order of the Appellate Division (222 App. Div. 688) and denying the motion, the Court of Appeals said that the parties had settled and terminated the litigation and that a new liability had been substituted therefor; that while the defendant might be able in an independent suit to-upset the settlement, that might not be done on motion in the action.
The Appellate Division of the First Department has recently cited the Yonkers case as one of the reasons for denying a motion to enforce a stipulation of settlement (American Progressive Health Ins. Co. v. Chartier, 6 A D 2d 579). In that case a settlement had been reached and a stipulation of discontinuance was filed with the Clerk. Five years later the defendant moved to enforce the stipulation of settlement and the court at Special Term granted the motion and referred the matter to a Eeferee to hear and report as to the amount due. In reversing the order of Special Term, the Appellate Division said, first, that the terms of the settlement were involved and in order to enforce it the court would have to ‘‘ police ’ ’ it, which the court should not do, especially after a lapse of five years. The court went on to say (pp. 579-580): “ But entirely apart from that, we think, in view of the Court of Appeals holding in Yonkers Fur Dressing Co. v. Royal Ins. Co. (247 N. Y. 435) that enforcement of the stipulation may not be ordered on motion. There it was held that a stipulation for settlement was binding upon the parties and could not be disturbed on motion. While in that *1005 case it was sought to set aside the stipulation, rather than enforce it, as is requested here, we see no difference in principle. The effect of the settlement and discontinuance was to terminate the original cause of action and substitute in its place a new contract of settlement (Yonkers Fur Dressing Co. v. Royal Ins. Co., supra). See, also, Brown v. Cleveland Trust Co. (233 N. Y. 399) and Loeb v. Willis (100 N. Y. 231) which hold that where an action is discontinued by consent of the parties it is as though the action never existed. Since there is no action now pending which would serve as a vehicle for bringing on a motion, defendant must be left to a plenary action based upon the contract which was created by the stipulation.”
The tenants in the instant case will not be left without a remedy by denial of their motion. They may bring a separate action based on the stipulation, or assert their claim on the stipulation as a counterclaim in the action already commenced by the landlord. In either case the questions of fact involved may be tried and the matter of whether the tenants should be paid $100 as provided in the stipulation of settlement may be determined.
The order should be reversed, without costs and the motion denied, without prejudice to the right of the tenants, if they be so advised, to bring a plenary action based upon the contract created by the stipulation of settlement or to plead such contract as a counterclaim in the action already instituted by the landlord.
Di Giovanna and Brown, JJ., concur.
Order reversed, etc.