Matthew M. Levy, J.
After a verdict in the plaintiff’s favor and pending disposition of the defendants’ motions to set the verdict aside, the parties negotiated a settlement of the action and entered into a stipulation thereof.* It was stated on the record by the plaintiff’s trial counsel that: “Defendant St. Clare’s Hospital has offered the sum of $13,500 in full settlement of the Plaintiff’s causes of action against it. The Plaintiff Administrator has advised me, and I am hereby authorized, to accept that sum of money in full settlement and disposition of the case as against St. Clare’s Hospital ”. It was further stated by the plaintiff’s counsel that the defendant “ City of New York has offered the sum of $500 in full settlement of the causes of action held by the Plaintiff against it in full settlement therefor”. He then said that he has “been advised by the Plaintiff to accept such sums in full settlement ”. So spoke the plaintiff’s own attorney. In accordance with the terms of the stipulation, judgment was thereafter entered by the plaintiff *900 against the defendant city, in which judgment the settlement of the action against the defendant hospital was recited. Nowhere in the stipulation of settlement is there any reference whatsoever of a waiver by the hospital of its lien, which is said to be for $764.54 in the present papers. Nor was such alleged waiver set forth in the judgment herein or in the decree submitted by the plaintiff for the approval of the settlement by the Surrogate having jurisdiction of the administration of the decedent’s estate. And the defendants deny the plaintiff’s assertion that there was agreement for such waiver.
In the leading case of Yonkers Fur Dressing Co. v. Royal Ins. Co. (247 N. Y. 435) the court denied a motion to vacate a settlement of the action. In American Progressive Health Ins. Co. of N. Y. v. Chartier (6 A D 2d 579) the court denied a motion to enforce a stipulation of settlement. (See, also, Korrol v. Patt, 21 Misc 2d 1001.) “The effect of the settlement and discontinuance was to terminate the original cause of action and substitute in its place a new contract of settlement ’ ’ (American Progressive Health Ins. Co. of N. Y. v. Chartier, supra, p. 580). “Defendants may be able in an independent suit to upset the settlement for reasons that would invalidate a contract, such as fraud or overreaching. But when a compromise results in the termination of an action and the execution of a new agreement giving effect to the settlement, it cannot be undone in the discretion of the court, on motion in the action and on conflicting affidavits ” (Yonkers Fur Dressing Co. v. Royal, supra, p. 446).
A fortiori, I deem it inappropriate to call upon the court now to modify the stipulation of settlement formally and duly entered into by the parties. If the matter of the lien were part of the settlement, it should have been included in the stipulation — and not left to personal hope on the part of the plaintiff or to unilateral resolution on the part of the defendants.
In the circumstances — both on the facts and on the law — the present motion by the plaintiff to direct the defendant hospital to issue a waiver of its lien and to direct the defendant city to ignore the lien served upon it, and to pay over the amount of its settlement (which is being withheld because of the lien) must be and is denied.
Of course, this disposition is without prejudice to any suit the plaintiff may be advised to institute and prosecute to reform or to vacate the stipulation, if the facts so warrant. .And, in view of the jury’s verdict, holding the defendant hospital for neglect in the care and custody of the patient, the hospital might not be held entitled to make a charge for some or all of the items making up the sum of the lien. The determination of the present *901 application is therefore also without prejudice to a plenary action or proceeding under the Lien Law (see § 189) or otherwise to determine the proper amount of the hospital’s charge, if any, and to fix the amount of the lien thereon.

 Determination of the motions was held in abeyance at the request of the parties for leave to file briefs and to facilitate the efforts at adjustment (see the correspondence and briefs from counsel and the transcript of the stipulation dictated on the record).