VNB N.Y. LLC v Maidi (2018 NY Slip Op 02001)





VNB N.Y. LLC v Maidi


2018 NY Slip Op 02001


Decided on March 22, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 22, 2018

Tom, J.P., Webber, Oing, Moulton, JJ.


6057 651998/16

[*1]VNB New York LLC, Plaintiff-Appellant,
v
Amnon Maidi, et al., Defendants-Respondents.


Paykin Krieg & Adams LLP, Purchase (Charles D. Krieg of counsel), for appellant.
Zeichner Ellman & Krause LLP, New York (Bruce S. Goodman of counsel), for respondents.



Order, Supreme Court, New York County (Eileen Bransten, J.), entered on December 28, 2016, which, inter alia, granted plaintiff's motion for summary judgment, unanimously affirmed, with costs.
Defendants Amnon Maidi and Simona Maidi concede both their liability as guarantors of the note which plaintiff seeks to enforce and their breach of the note's payment obligations. Defendants argue that plaintiff's express rights under the note to accelerate payment of the indebtedness upon a breach, and to collect attorney fees in an enforcement action, were extinguished by a 2012 so-ordered stipulation of settlement in a prior action to enforce, which provided, inter alia, that the prior action was discontinued with prejudice.
Defendants are judicially estopped from arguing that the note is invalid, as they successfully moved for dismissal of a separate prior action brought in a foreign jurisdiction by claiming that the note was valid and its terms required that the action be brought in New York (see D & L Holdings LLC v Goldman Co., 287 AD2d 65, 71 [1st Dept 2001], lv denied 97 NY2d 611 [2002]).
Alternatively, defendants' argument is unavailing. As defendants concede, the stipulation of settlement is a contract, and is construed under principles of contract law (Hotel Cameron, Inc. v Purcell, 35 AD3d 153, 155 [1st Dept 2006]). Nothing in the 2012 so-ordered stipulation of settlement indicates that the parties intended to extinguish their rights and obligations under the note. In light of the stipulation's provision that the prior enforcement action was discontinued with prejudice, the stipulation's entry precluded further action in that particular litigation (see American Progressive Health Ins. Co. of N.Y. v Chartier, 6 AD2d 579 [1st Dept 1958]), but had no effect on plaintiff's right to seek enforcement of the note upon defendant's subsequent breach.
Further, by its plain terms, the stipulation states that the principal amount of the note was due and owing, that defendants were guarantors of the note, and that plaintiff was entitled to full payment of the note's amount. Hence, contrary to defendants' claim, the stipulation expressly recognizes the note's validity and the parties' rights and obligations thereunder. As the note [*2]expressly authorizes plaintiff to accelerate payments upon defendants' breach, and to collect attorney fees in an enforcement action, Supreme Court properly granted summary judgment.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 22, 2018
DEPUTY CLERK