**DENALI SEAFOODS, INC., an Alaskan corporation, Plaintiff,**

v.

**WESTERN PIONEER, INC., a corporation, Defendant.**

**No. C79–1338B.**

United States District Court, W. D. Washington.

Dec. 17, 1981.

James P. Moynihan of Bergman, Bauer & Freise, Seattle, Wash., for plaintiff.

Shane Carew of Moriarty, Mikkelborg, Broz, Wells & Fryer, Seattle, Wash., for defendant.

ORDER DENYING THE MOTIONS OF PLAINTIFF AND DEFENDANT

BEEKS, District Judge.

On June 12, 1980, this Court entered an order of dismissal with prejudice in the instant action. Subsequent thereto, plaintiff moved for an order setting aside the

order of dismissal and reinstating the original action, which motion is presently before the court for decision. Defendant thereafter moved for an order summarily enforcing the settlement agreement. In addition, both parties seek an award of attorney's fees and interest. All motions are so interrelated that all will be decided at this time.

■ Any motion to set aside an order of dismissal must be filed within a reasonable time from the entry of the order. Fed.R. Civ.P. 60(b). The Court has fully considered the briefs, records, and files herein, and determines that there is insufficient justification for granting the requested relief from the operation of said order of dismissal. A period in excess of sixteen months elapsed from the entry of the order of dismissal to the filing of the first of these motions. Clearly, the motion to set aside the order of dismissal was not instituted within the reasonable time contemplated by Fed.R.Civ.P. 60(b).

■ The Court is of the opinion that the order of dismissal should remain final, and that no attempt should be made by it to enforce the settlement agreement. Such agreement was not incorporated into the order of dismissal; rather, it was an independent contract entered into by the parties. Hence, the agreement never had the force, effect or weight of an order of this court. Except as hereinafter stated, it is preferable to leave the parties where they put themselves.

Accordingly, all motions, including those for attorney's fees and interest, are DENIED without prejudice to the pursuit in a proper tribunal of any available contractual remedy. Each party shall bear its own costs.