**Mercurio DANKESE, Plaintiff, Appellant,**

v.

**DEFENSE LOGISTICS AGENCY, Defendant, Appellee.**

No. 82–1434.

United States Court of Appeals, First Circuit.

Argued Oct. 8, 1982.

Decided Nov. 18, 1982.

Paul A. Manoff, with whom Levine & Manoff, Boston, Mass., was on brief, for plaintiff, appellant.

John W. Laymon, Asst. U.S. Atty., with whom William F. Weld, U.S. Atty., Boston, Mass., was on brief, for defendant, appellee.

Before COFFIN, Chief Judge, TIMBERS,* Senior Circuit Judge, and BREYER, Circuit Judge.

* Of the Second Circuit, sitting by designation.

COFFIN, Chief Judge.

Mercurio Dankese appeals from a judgment of the United States District Court for the District of Massachusetts denying his motion, pursuant to Fed.R.Civ.P. 60(b), to reinstate his action against the Defense Logistics Agency. The basis for appellant's 60(b) motion was that the Defense Logistics Agency had refused to comply with a settlement agreement entered into between the parties and on the basis of which the court had dismissed appellant's original complaint.

The facts of this case are difficult to pin down, since the issue is largely what one person does or does not remember. The background to the current controversy is as follows. Appellant was an employee of the Defense Logistics Agency from 1965 until his retirement in February of 1980. On April 4, 1980, he requested access to his personnel records. Before he could examine the records, appellee destroyed a number of the desired documents, as unofficial records with no record value. On June 6, 1980, appellant brought suit against appellee charging wilful and intentional destruction of the records, in violation of the Freedom of Information Act, 5 U.S.C. § 552(a)(4)(B), and the Privacy Act, 5 U.S.C. § 552a(g). He sought damages, injunctive relief, costs and attorney's fees.

On February 17, 1981, the parties agreed to a settlement under which appellee agreed to pay appellant $2,235.00 in attorney's fees, to agree to an injunction against future destruction of records pertaining to appellant and, after submission by appellant of documentation to be used to refresh appellee's recollection, to have three of its employees submit affidavits containing their best memory of the contents of the "Miscellaneous Dankese" file. There was an interim dispute as to whether appellant's tardiness in supplying documentation should excuse appellee from his obligation to reconstruct the file. On September 8, 1981, appellant asked the court for an order

enforcing the settlement agreement. The district court instructed appellee to answer appellant's affidavit. In response to that order, appellee's three employees, Larkin, Cass and Newdick, submitted affidavits detailing their best memories of the contents of the "Miscellaneous Dankese" file. Employees Newdick and Cass, neither of whom had apparently had direct responsibility for the file, responded in detail to appellant's affidavit, acknowledging having seen some of the documents although remembering few details. Employee Larkin, in whose office the file was kept and who, according to appellant, was responsible for creating many of the documents, could recall only one document.

As a consequence of appellee's employees' inability to recall the file, appellant requested the district court to reinstate the original action, pursuant to Fed.R.Civ.P. 60(b), and to allow him to take the depositions of Larkin, Cass and Newdick. His purpose, he now maintains, was "to enable the plaintiff to gather sufficient evidence to conclusively prove that the defendant's employees did not in good faith attempt to comply with their obligations under the settlement agreement and if such proof was forthcoming, the plaintiff would seek a further order from the court." In support of his motion, appellant submitted an affidavit detailing his personal knowledge of the contents of the file and of employee Larkin's contact with the file and the basis for his belief that Larkin remembered more than he had admitted. Appellee countered by insisting that "plaintiff's unsupported allegations concerning the affidavit of Robert Larkin does [sic] not constitute a sufficient basis for this court to relieve the plaintiff of his obligations under the settlement agreement." The district court denied the motion, finding that "the parties are governed by the stipulation they submitted and there is no basis for this Court to accept the affidavits of either party as a basis to reinstate the case." Appellant urges that that decision was in error.

Appellant confronts two main obstacles in his effort to have the court re-quire appellee's employees to admit remembering more than they say they do. The first is the obvious difficulty of proving what anyone remembers. On that, we offer no guidance. The second is more within our competence. This case presents a not unfamiliar situation in which the relief appellant apparently wanted and the relief he asked for were not the same. Appellant cites *Warner v. Rossignol,* 513 F.2d 678 (1st Cir.1975), for the proposition that if a settlement agreement is repudiated by a defendant, the plaintiff may either seek an order enforcing the agreement or may seek to reopen the proceedings. That proposition is correct and would be relevant to this case if appellant had indicated that because of appellee's repudiation of the agreement, he desired to withdraw from it and reopen the litigation. Even then our review of the trial judge's decision whether to reopen the case would be governed by the principles generally applicable to review of a 60(b) motion. Motions to reopen judgments pursuant to Fed.R.Civ.P. 60(b) are addressed to the discretion of the district court and will be reversed only when that discretion is abused. *Manning v. Trustees of Tufts College,* 613 F.2d 1200, 1204 (1st Cir.1980); *Pagan v. American Airlines Inc.,* 534 F.2d 990, 993 (1st Cir.1976). Appellant, however, gave no indication that he desired to withdraw from the agreement or that he could demonstrate the material breach by appellee necessary to relieve him of his obligations under the agreement. *See Warner v. Rossignol, supra,* 513 F.2d at 682 ("A compromise agreement, fairly arrived at, is an enforceable contract both under Maine law and general doctrine"). His motion and affidavit indicated only that he wanted to be able, by taking the depositions of Larkin, Cass and Newdick, to prove that appellee was not complying with the settlement agreement in order, one might assume, to persuade the court to require appellee to so comply. In light of the information supplied to the court and the language of appellant's request, we cannot say that the court abused its discretion in declining to reopen the entire litigation in order to give appellant an opportunity to persuade appel-

lee's employees to admit that they remembered more than they admitted remembering.

■ Appellant is not left remediless. The policy of favoring settlement agreements as a means of avoiding costly and time consuming litigation would scarcely be furthered by leaving a party without recourse when the other party fails to perform according to the terms of the agreement. *Warner v. Rossignol, supra,* 513 F.2d at 683. It is well established, therefore, that a trial court retains an inherent power to supervise and enforce settlement agreements entered into by parties to an action pending before the court. *Autera v. Robinson,* 136 U.S.App.D.C. 216, 419 F.2d 1197, 1200 n.10 (1969). Whether the court may summarily enforce such an agreement or should conduct an evidentiary hearing on the disputed issues depends upon the nature of the dispute. *Millner v. Norfolk & Western Railway Co.,* 643 F.2d 1005, 1009 (4th Cir.1981); *Kukla v. National Distillers Products Co.,* 483 F.2d 619 (6th Cir.1973). In this case, we offer no opinion as to whether appellant has produced sufficient evidence of appellee's noncompliance with the settlement agreement to entitle appellant to an evidentiary hearing or to conduct further discovery. We would leave that to the trial court in the exercise of its supervisory power.

*The judgment of the district court is affirmed without prejudice to the initiation of a separate action to enforce the settlement agreement.*