107 F.3d 1
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Louis KUSHNER, Plaintiff, Appellant,
v.
UNITED STATES RURAL ECONOMIC and COMMUNITY DEVELOPMENT
AGENCY, Defendant, Appellee.
 No. 96-1654.
 United States Court of Appeals, First Circuit.
 Feb. 3, 1997.
 
 Louis Kushner on brief pro se.
 Donald K. Stern, United States Attorney, and Christopher Alberto, Assistant United States Attorney, on Motion for Summary Disposition for appellee.
 Before SELYA, BOUDIN and LYNCH, Circuit Judges.
 PER CURIAM.
 
 
 1
 The district court dismissed appellant Louis Kushner's complaint against the United States Rural Economic and Community Development Agency ("RECD") for failing to show good cause for not effecting service on the RECD. However, appellant never filed a notice of appeal from this dismissal; as such, it is not before us. The only orders from which a timely appeal has been taken are the denial of appellant's motion to reopen and the denial of the accompanying motion for emergency relief. Because we find that the district court did not abuse its discretion when it refused to reopen the case, we need not address the propriety of the latter motion.
 
 
 2
 Although not labelled as a motion for relief from judgment under Fed.R.Civ.P. 60(b), we shall construe appellant's motion to reopen as such a motion. See 7 J. Moore, Moore's Federal Practice p 60.18, at 60-139 (2d ed.1996). We review a district court's denial of a Rule 60(b) motion for abuse of discretion. Dankese v. Defense Logistics Agency, 693 F.2d 13, 15 (1st Cir.1982). Two subsections of Rule 60(b) possibly are applicable to appellant's motion: (1) Rule 60(b)(3) which provides for relief from judgment for the "misconduct of an adverse party"; and (2) Rule 60(b)(6) which p rovides for relief from judgment for "any other reason."
 
 
 3
 To prevail under Rule 60(b)(3), appellant must show how the RECD's alleged misconduct prevented him from fully presenting his case in the district court. See Perez-Perez v. Popular Leasing Rental, Inc., 993 F.2d 281, 285 (1st Cir.1993). The motion to reopen, which is a typewritten version of appellant's complaint, offers no explanation concerning this issue. Although appellant sets out how the RECD allegedly prohibited him from pursuing an administrative appeal, he does not describe any improper conduct by the RECD with regard to the dismissal of appellant's complaint or error in the district court's dismissal of appellant's action for failure to effectuate service.
 
 
 4
 As for Rule 60(b)(6), it cannot be used "to escape the consequences of failure to take a timely appeal." Cotto v. United States, 993 F.2d 274, 278 (1st Cir.1993). Thus, "[a]bsent exceptional and compelling circumstances, a party will not be granted relief from a judgment under clause (6)...." Moore's Federal Practice, supra, p 60.27, at 60-269; Cotto, supra. To meet this standard, appellant must show that he was not at fault for not taking a timely appeal from the dismissal of his complaint. See Cotto, 993 F.2d at 280. Because the motion to reopen does not address this question, appellant was not entitled to relief under Rule 60(b)(6).
 
 
 5
 For the foregoing reasons, the judgment of the district court is affirmed.