[NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT
 

No. 96-1654

 LOUIS KUSHNER,

 Plaintiff, Appellant,

 v.

 UNITED STATES RURAL ECONOMIC
 AND COMMUNITY DEVELOPMENT AGENCY,

 Defendant, Appellee.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. George A. O'Toole, Jr., U.S. District Judge]

 

 Before

 Selya, Boudin and Lynch,
 Circuit Judges. 

 

Louis Kushner on brief pro se. 
Donald K. Stern, United States Attorney, and Christopher Alberto, 
Assistant United States Attorney, on Motion for Summary Disposition
for appellee.

 

 February 3, 1997
 

 Per Curiam. The district court dismissed appellant 

Louis Kushner's complaint against the United States Rural

Economic and Community Development Agency ("RECD") for

failing to show good cause for not effecting service on the

RECD. However, appellant never filed a notice of appeal from

this dismissal; as such, it is not before us. The only

orders from which a timely appeal has been taken are the

denial of appellant's motion to reopen and the denial of the

accompanying motion for emergency relief. Because we find

that the district court did not abuse its discretion when it

refused to reopen the case, we need not address the propriety

of the latter motion.

 Although not labelled as a motion for relief from

judgment under Fed. R. Civ. P. 60(b), we shall construe

appellant's motion to reopen as such a motion. See 7 J. 

Moore, Moore's Federal Practice 60.18[8], at 60-139 (2d ed. 

1996). We review a district court's denial of a Rule 60(b)

motion for abuse of discretion. Dankese v. Defense Logistics 

Agency, 693 F.2d 13, 15 (1st Cir. 1982). Two subsections of 

Rule 60(b) possibly are applicable to appellant's motion:

(1) Rule 60(b)(3) which provides for relief from judgment for

the "misconduct of an adverse party"; and (2) Rule 60(b)(6)

which provides for relief from judgment for "any other

reason."

 -2-

 To prevail under Rule 60(b)(3), appellant must show

how the RECD's alleged misconduct prevented him from fully

presenting his case in the district court. See Perez-Perez 

v. Popular Leasing Rental, Inc., 993 F.2d 281, 285 (1st Cir. 

1993). The motion to reopen, which is a typewritten version

of appellant's complaint, offers no explanation concerning

this issue. Although appellant sets out how the RECD

allegedly prohibited him from pursuing an administrative

appeal, he does not describe any improper conduct by the RECD

with regard to the dismissal of appellant's complaint or

error in the district court's dismissal of appellant's action

for failure to effectuate service.

 As for Rule 60(b)(6), it cannot be used "to escape

the consequences of failure to take a timely appeal." Cotto 

v. United States, 993 F.2d 274, 278 (1st Cir. 1993). Thus, 

"[a]bsent exceptional and compelling circumstances, a party

will not be granted relief from a judgment under clause (6).

. . ." Moore's Federal Practice, supra, 60.27[1], at 60- 

269; Cotto, supra. To meet this standard, appellant must 

show that he was not at fault for not taking a timely appeal

from the dismissal of his complaint. See Cotto, 993 F.2d at 

280. Because the motion to reopen does not address this

question, appellant was not entitled to relief under Rule

60(b)(6).

 -3-

 For the foregoing reasons, the judgment of the

district court is affirmed. 

 -4-