UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

PATRICIA H. RICKS,
                    *Plaintiff-Appellant,*

          v.

ABBOTT LABORATORIES,
                    *Defendant-Appellee,*          No. 02-2196

          v.

DOREEN G. BLAKE,
                    *Movant.*

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
J. Frederick Motz, District Judge.
(CA-00-1290-JFM)

Submitted: May 20, 2003

Decided: May 30, 2003

Before WILLIAMS, KING, and GREGORY, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

## COUNSEL

Camilla C. McKinney, LAW OFFICES OF CAMILLA C. MCKIN-
NEY, Washington, D.C., for Appellant. Henry Morris, Jr., Anne L.
Milem, ARENT, FOX, KINTNER, PLOTKIN & KAHN, P.L.L.C.,
Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Patricia H. Ricks appeals the district court's order denying her motion to reopen her civil action in which she alleged Abbott Laboratories ("Abbott Labs") wrongly discriminated against her because of her race, sex, and age, and retaliated against her for engaging in protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e to 2000e-17 (2000), the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-634 (2000), and 42 U.S.C. § 1981 (2000). The district court granted in part and denied in part Abbott Labs' motion for summary judgment. The parties thereafter engaged in mediation with a magistrate judge. Following mediation, the district court entered an order stating it had been advised by the parties that the action had been settled. The court dismissed the action without prejudice, allowed the parties to move for good cause within thirty days to reopen the action if settlement was not consummated, and stated if no party moved to reopen, the dismissal would be with prejudice.

Ricks filed a pro se motion to reopen alleging the settlement had not been consummated and further efforts would be futile. After permitting Ricks' counsel to withdraw, the district court found the parties reached a binding settlement and denied Ricks' motion to reopen.

This Court reviews the district court's factual findings for clear error and its determination to enforce a settlement agreement for abuse of discretion. *See Hensley v. Alcon Labs., Inc.*, 277 F.3d 535, 541-42 (4th Cir. 2002).* While the district court has the inherent

---

*While the procedural posture of this case is a motion to reopen the case, rather than a motion to enforce the settlement, we conclude the standard of review remains the same. *See Dankese v. Defense Logistics Agency*, 693 F.2d 13, 15 (1st Cir. 1982) (reviewing Fed. R. Civ. P. 60(b) motion to reopen action after settlement for abuse of discretion).

authority to enforce a settlement agreement, to exercise its power, the district court must find a complete settlement had been reached and be able to determine the terms and conditions of that settlement. *Id.* at 540-41. "If there is a factual dispute over the existence of an agreement, over the authority of attorneys to enter into the agreement, or over the agreement's terms, the district court may not enforce a settlement agreement *summarily*." *Id.* at 541 (emphasis in original) (footnote omitted). Instead, the district court must hold a plenary evidentiary hearing to resolve the dispute. *Id.* (quoting *Millner v. Norfolk & W. Ry. Co*, 643 F.2d 1005, 1009 (4th Cir. 1981)).

We have thoroughly reviewed the parties' briefs, the joint appendix, and the district court order. Because the parties do not agree either as to whether the oral agreement reached during the unrecorded mediation was binding or as to the terms of the agreement, we conclude the district court abused its discretion by failing to hold an evidentiary hearing to resolve those issues. Accordingly, we vacate the district court's order and remand for further proceedings consistent with this opinion. We deny Ricks' request that we direct that proceedings on remand be assigned to a different district court judge. *See United States v. North Carolina*, 180 F.3d 574, 582-83 (4th Cir. 1999) (stating standard). We further deny the parties' respective motions to strike portions of each other's briefs. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*VACATED AND REMANDED*