**FILED**
December 09, 2020
ST-2019-CV-00157
TAMARA CHARLES
CLERK OF THE COURT

**IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**
**\*\*\*\***

| | |
|---|---|
| EZEKIEL DANIEL, | ) CASE NO. ST-2019-CV-00157 |
| | ) |
| Plaintiff, | ) |
| vs. | ) ACTION FOR DAMAGES |
| | ) |
| SHAMAR PEMBERTON and CARTY | ) JURY TRIAL DEMANDED |
| ENTERPRISES, | ) |
| | ) |
| Defendants. | ) |

Cite as: 2020 VI Super 103U

**MEMORANDUM OPINION**

### I. Introduction

**¶1** **THIS MATTER** is before the Court on Defendants' Motion To Enforce Settlement Agreement And For Reimbursement Of Associated Legal Fees ("Motion"), filed on September 15, 2020. Defendants request that this Court "enforce the settlement agreed upon by Plaintiff by entry of an Order (a) dismissing the above-captioned action with prejudice; (b) directing Defendants to pay the agreed settlement amount to Plaintiff and Plaintiff's counsel within forty-four days thereafter less Defendants' legal fees and costs incurred pursing the instant motion; and (c) in the event an appeal is filed staying the running of the deadline for payment pending a final ruling on such an appeal to include deducting the reimbursement of those additional appellate legal fees and costs from the settlement amount."[1] Defendants' Motion is unopposed by Plaintiff. As explained below, the Motion will be granted in part and denied in part.

**¶2** On May 23, 2018, Defendant Shamar Pemberton, an agent of Carty Enterprises (collectively, "Defendants"), negligently operated his vehicle, causing it to strike Plaintiff Ezekiel Daniel ("Plaintiff"). On March 22, 2019, Plaintiff filed a civil action for damages alleging the accident caused Plaintiff serious injuries, loss of income, loss of capacity to earn income, mental anguish, pain and suffering, and loss of enjoyment of life. Defendants responded on April 22, 2019 denying the allegations and asserting affirmative defenses; this Court issued a Scheduling Order on October 20, 2019.

**¶3** In the interim period between entry of the Scheduling Order and the instant Motion, Plaintiff and Defendants engaged in settlement negotiations. On December 10, 2019, Plaintiff's counsel sent Defendants' counsel a settlement demand letter, authorizing settlement for the policy limit of $10,000. This letter did not have a deadline for acceptance. This letter also explicitly indicated Plaintiff's medical expenses of $9,393.21. On June 25, 2020, Defendants and Plaintiff were contacted by the American Mediation Institute, who indicated that Plaintiff wished to conduct

---

[1] Mot. 1.

mediation. Counsel for Defendants' insurer had attempted to negotiate directly with Plaintiff's counsel, which was ultimately unsuccessful.

¶4     In a phone call on July 6, 2020, Plaintiff's counsel indicated that negotiations with the insurer's counsel were fruitless and reiterated his client's $10,000.00 demand and request for mediation. Defendants' counsel obtained authorization for the $10,000.00 amount and notified Plaintiff's counsel on July 7, 2020 that the settlement demand had been agreed to, and followed up the following day with an email containing a stipulation of dismissal, an unsigned general release, and a Medicare/Medicaid reporting form. On July 9, 2020 Defendants' counsel also notified the American Mediation Institute that a settlement had been achieved; Plaintiff's counsel was also copied on this email. The representative for the American Mediation Institute indicated the following day that she would then close the case because it had been settled.

¶5     On July 14, 2020, Plaintiff's counsel indicated that when he had Plaintiff come in to sign the release form, Plaintiff also then demanded an additional $9,393.21 to pay for his medical expenses, and refused to settle for the $10,000.00 and  Plaintiff's counsel again requested further mediation. That same day, Defendants' counsel responded that the case was settled: Plaintiff had made a written demand authorizing settlement up to the policy limit of $10,000.00 and Defendants had accepted it. Further, Defendants' counsel stated that Plaintiff had a duty to mitigate damages and intentionally avoiding using Medicare coverage to create an inflated medical bill was failure to mitigate.

¶6     Plaintiff's counsel responded on August 3, 2020, that there was no meeting of the minds because Plaintiff had rejected the agreement by not signing the release and that there were essential terms, the outstanding medical costs, that materially had changed the agreement. Further, Plaintiff's counsel asserted that the execution of a release is not a mere formality, but essential to formation of the contract. Plaintiff's counsel notified the American Mediation Institute on August 18, 2020, that the matter was not settled and attempted to schedule mediation via teleconference for the dates of August 31, September 2, 4, or 11, 2020. Defendants then filed the instant motion seeking enforcement of the settlement and reimbursement of associated legal fees for seeking to enforce.

## II.     Legal Standard

### a.  Enforcement of the settlement agreement

¶7     Trial courts have "inherent power to supervise and enforce settlement agreements entered into by parties to an action pending before the court."[2] Further, there is a strong public policy in favor of settlement agreements.[3] "[S]ettlement agreements are contracts and, therefore, basic

---

[2] *Boynes v. Transp. Servs. of St. John*, 60 V.I. 453, 459 (V.I. 2014) (quoting *Dankese v. Defense Logistics Agency*, 693 F.2d 13, 16 (1st Cir. 1982))

[3] *D.R. by M.R. v. East Brunswick Bd. of Educ.*, 109 F.3d 896, 901 (3d. 1997) ("Settlement agreements are encouraged as a matter of public policy because they promote the amicable resolution of disputes and lighten the increasing load of litigation faced by courts.")

contract principles are applied to them."[4] The formation of a contract requires "a bargain in which there is a manifestation of mutual assent to the exchange and a consideration" and consideration requires "requires a performance or a return promise that has been bargained for."[5] For an attorney to bind his client to a contract or settlement agreement, the attorney must have actual or apparent authority.[6] Authority is "created by written or spoken words or other conduct of the principal which, reasonably interpreted, causes the agent to believe that the principal desires him to so act on the principal's account."[7]

¶8    In *Williams v. Powell*,[8] the Court denied enforcement of a settlement agreement arising from a car crash because "the record lacks evidence showing the Williams' attorney had authority to enter into a settlement agreement on her behalf."[9] In that case, the client of the attorney expressed misgivings about the settlement amount and, when defendants attempted to enforce the settlement agreement, the client then filed an opposition indicating they had not granted authority to settle.[10] In *Boynes v. Transportation Services of St. John*, the Virgin Islands Supreme Court noted that the enforceable settlement agreement, which had been reached through mediation, had been reduced to writing and "signed by both parties and their attorneys."[11] The Virgin Islands Rule of Civil Procedure 90(h)(2) requires that an agreement reached through mediation "shall be reduced to writing and signed by the parties and their counsel."[12]

¶9    In *Castolenia v. Crafa*,[13] this Court noted that "[i]n the Virgin Islands, counsel may enter into a settlement agreement on his client's behalf when he has actual or apparent authority to do so."[14] In *Castolenia*, the defendants in that case responded to the demand letter with a check and a release form, but the plaintiffs did not sign the release because it included new language regarding medical liens and instead returned the check.[15] The plaintiff in that case returned the check because her injuries were in excess of the policy limit, although this information was known by both sides at the start of negotiations.[16] However, this Court still enforced the settlement agreement, finding the new language not material and that a contract had been formed.[17] Finally, both this Court and the Third Circuit have noted that the tender of a release does not reopen settlement negotiations,

---

[4] *Govia v. Burnett*, 45 V.I. 235, 241 (V.I. Super. Ct. May 5, 2003).

[5] *Univ. of the VI. v. Petersen-Springer*, 232 F. Supp. 2d 462, 469 (D.V.I. App. Div. 2002); Restatement (Second) of Contracts §§ 17, 71 (1981).

[6] *Williams v. Powell*, Case No. ST-17-CV-314, __ V.I. __, 2018 V.I. LEXIS 105, at *5-9 (V.I. Super. Ct. Sept. 26, 2018).

[7] *Edwards v. Born, Inc.*, 22 V.I. 426, 428-29 (D.V.I. 1986) (citing RESTATEMENT (SECOND) OF AGENCY §26 (1958)).

[8] Case No. ST-17-CV-314, __ V.I. __, 2018 V.I. LEXIS 105 (V.I. Super. Ct. Sept. 26, 2018).

[9] *Id.*

[10] *Id.* at *4.

[11] *Boynes v. Transp. Servs. of St. John*, 60 V.I. 453, 460 (V.I. 2014) (citing Super. Ct. R. 40(f)(2)). The Rule cited in this case has since been repealed and replaced by Virgin Islands Rule of Civil Procedure 90(h)(2).

[12] V.I. R. Civ. P. 90(h)(2).

[13] Civil No. ST-13-CV-243, __ V.I. __, 2014 V.I. LEXIS 1 (V.I. Super. Ct. Jan. 15, 2014).

[14] *Id.* at *15.

[15] *Id.* at *3-4, 10.

[16] *Id.* at *12-13 ("It is evident that Castolenia was aware of the majority of the medical expenses at the time of the demand letter, yet still chose to demand the policy limits as the settlement sum.")

[17] *Id.* at *23.

nor is its execution necessary to the formation of a settlement contract.[18]

### b. Reimbursement of associated legal fees

¶10    The Virgin Island Code provides that costs "may be allowed in a civil action," and that these costs may include "attorney's fees," as provided for by the agreement of the parties or as awarded by the Court in its discretion, except that the "the award of attorney's fees in personal injury cases is prohibited unless the court finds that the complaint filed or the defense is frivolous."[19] An action is frivolous if it is: 1) without legal or factual merit; 2) for the purpose of causing undue delay; or 3) for the purpose of harassing an opposing party.[20] This is a discretionary standard.

## III.    Analysis

### a. There was a valid settlement that may be enforced

¶11    In the instant case, Plaintiff sent through counsel a demand letter which explicitly authorized settlement for the policy limit of $10,000. At that time, Plaintiff was aware of his aggregate medical expenses, $9,393.21, and still authorized settlement for $10,000. This offer did not have a deadline and was accepted by Defendants who promised in return to pay this amount. Therefore, a valid contract was formed. Indeed, Plaintiff's counsel did not attempt to reject this settlement until Plaintiff, when presented with the release, demanded more money. The existence of the medical expenses was known by both sides, as it was included in the demand letter, and cannot be considered, as Plaintiff's counsel asserts, to be a new material fact that fundamentally changes the offer.

¶12    Nor does there appear here a lack of authority. Plaintiff's counsel indicated he was expressly authorized by Plaintiff in his demand letter. Plaintiff's actions in coming in to sign the release, only to then demand that his counsel seek more money, further indicate that Plaintiff had granted his counsel authority to act on his behalf in settlement negotiations. Nor has an opposition to the instant Motion been filed, and no evidence exists that Plaintiff's counsel did not have authority.

¶13    Instead, Plaintiff's counsel asserts in an email to Defendants' counsel, without citing to legal authority, that "the execution of a Release is not a formality, it is essential to the formation of the contract itself."[21] The only authority he cites to in the whole paragraph for the proposition that the "execution of a Release is a material condition to a Contractual agreement" is *Nicholas v. Wyndham International, Inc.*,[22] which actually indicates the opposite.[23] Indeed, as stated above the

---

[18] *Id.* at *11-12; *see also, Good v. Pennsylvania R. Co.*, 384 F.2d 989, 990 (3d. Cir. 1967) ("The tender of a release did not reopen the agreement or make its execution a condition to the settlement itself.")

[19] V.I. CODE ANN. tit. 5, § 541(a)-(b).

[20] V.I. CODE ANN. tit. 5, § 541(c).

[21] August 3, 2020 Letter, page 2.

[22] 2007 WL 4811566 (D.V.I. 2007).

[23] *Id.* at *2 (citing *Green v. John H. Lewis & Co.*, 436 F.2d 389, 390 (3d Cir.1970)) ("In the Third Circuit, "[a]n

tender of the release is not a counter-offer, nor is its execution necessary.

¶14     While a settlement agreement that is a result of mediation needs to be signed by both parties and counsel, this agreement did not arise through mediation. In fact, mediation does not appear to have been scheduled, as settlement was reached the same day that the request to mediate was made, and Plaintiff's later attempts to schedule mediation occurred after the settlement had been made. As there was an offer, acceptance, consideration, and authority by the agent to bind the principal, and this settlement was reached outside of mediation, a valid and enforceable settlement agreement has been formed.

### b.  Defendants' entitlement to legal fees

¶15     In their Motion,  state that "the legal fees and costs incurred pursuing the instant motion (and any appeal arising therefrom) must be deducted from Plaintiff's settlement under 5 V.I.C. § 541."[24] The only case law cited by Defendants is *John v. Maldonado*,[25] which involved a land dispute. Defendants cite this case for its stated proposition that the purpose behind 5 V.I.C. § 541 is that "a party should not leave to bear the legal expenses of demonstrating either that it is not at fault or that it is the victim of another's fault."[26]

¶16     Defendants incorrectly make what is discretionary, required. Courts are not required to award legal fees. In this jurisdiction, Courts are in fact prohibited from awarding attorney's fees in personal injury cases unless a complaint or defense is frivolous. Plaintiff has not proffered to the Court any complaint or defense beyond his initial Complaint, let alone a frivolous one. Nor was it necessary for Defendants here to demonstrate that they were not at fault or are the victims of another's fault. The instant motion requests that the Court order Defendants to pay Plaintiff. Plaintiff has filed no action with the Court to enforce settlement, mediation, or any other request – the instant Motion comes before the Court on Defendants' counsel's volition, no one else's. Therefore, attorney's fees and costs incurred in filing the instant action will not be awarded to Defendants.

### IV.    Conclusion

¶17     Defendants have filed a motion to enforce a $10,000.00 settlement of a negligent driving case and they request reimbursement of attorney's fees for filing the instant motion. Defendants have adequately shown a valid offer, acceptance, and consideration of the agreement and the record and evidence is clear that  Plaintiff's counsel of record was acting within his scope of authority. The settlement agreement was not reached through mediation, so a signing by each party was not required. Plaintiff has not filed an opposition to Defendants' Motion, although a letter contained within the Motion's exhibits suggests that Plaintiff asserts the settlement is not valid because the release was not executed. This is not the standard as to whether a settlement agreement has been

---

agreement to settle a law suit, voluntarily entered into, is binding upon the parties, whether or not made in the presence of the court, and even in the absence of a writing.").

[24] Mot. 10.

[25] 26 V.I. 129 (Super. Ct. June 11, 1991).

[26] *Id.* at 142-43 (quoting *Bedford v. Pueblo Supermarkets of St. Thomas, Inc.*, 18 V.I. 275, 278 (D.V.I. 1981)).

reached.

¶18 Defendants further assert that they should be reimbursed for costs in filing this Motion. Defendants filed the instant Motion on their own accord, not in response to any frivolous complaint or defense by Plaintiff. Further, the granting of attorney's fees is discretionary by the Court and does not appear warranted in the instant case. An order consistent with this Memorandum Opinion shall follow.

DATED: December ___9___, 2020

**DENISE M. FRANCOIS**
Judge of the Superior Court of the Virgin Islands

**ATTEST:**
**TAMARA CHARLES**
Clerk of the Court

BY: _____
*for* **LORI BOYNES**
      Chief Deputy Clerk _12_/_9_/_2020_