Harold J. Crawford, J.
This action, in which 58 summary proceedings were consolidated with the Supreme Court declaratory judgment action brought by the 58 tenants against the defendant Atlantic Improvement Corporation, the landlord in the summary proceedings, was settled during trial before Honorable Nicholas M. Pette, Official Referee, and the stipulation of settlement spread upon the minutes in open court. Paragraph 8 of said stipulation reads as follows: “ Tenants acknowledge and understand that landlord is engaged in the development of its property at Breezy Point, including the area of which the demised premises form a part and that the landlord will actually be engaged in construction therein during the period of time when tenants occupy their bungalows as herein-above provided. Tenants agree not to interfere with or take any steps whatsoever to prevent, hinder or obstruct said development or construction or any activities by landlord related to said development or said construction on premises owned by landlord.” The defendant, Atlantic Improvement Corporation, now moves in the consolidated action to restrain the 58 plaintiffs therein from interfering with Atlantic’s construction activities on its own property in contravention of the foregoing provision in the stipulation of settlement. The plaintiffs oppose the motion on a number of grounds, the first of which, alone, is sufficient to *456 warrant the denial of the motion, to wit, that there is no action now pending in connection with which the instant motion may he made.
In the stipulation of settlement in the consolidated action referred to above, it was expressly provided as follows:
“ 11. The Supreme Court action for a declaratory judgment herein is hereby discontinued, with prejudice, without costs.
‘‘12. This agreement shall take effect upon the reading of the same into the record of the Supreme Court, Queens County, in which this consolidated action is pending.
“ the official REFEREE: So ordered. And upon the stipulation and agreement of the parties, the Court will direct the issuance of warrants to a city marshal of the City of New York. ’ ’
It has been held that when the effect of a settlement and stipulation is the termination of the original action and the substitution of a new contract, the sole remedy for its enforcement is a plenary action on the contract created by the stipulation. (Yonkers Fur Dressing Co. v. Royal Ins. Co., 247 N. Y. 435; American Progressive Health Ins. Co. v. Chartier, 6 A D 2d 579.) Only if the original action or proceeding is still pending may the party aggrieved seek therein summary relief by motion with respect to the stipulation. (Goldstein v. Goldsmith, 243 App. Div. 268.)
Inasmuch as, pursuant to the terms of the stipulation here involved, the consolidated action against the movant is no longer pending, that action cannot “ serve as a vehicle for bringing on a motion, [and] defendant must be left to a plenary action based upon the contract which was created by the stipulation. ’ ’ (American Progressive Health Ins. Co. v. Chartier, supra, p. 580.) The present motion is accordingly denied.