■ FLORENCE A. SMITH, Appellant, v HARVEY A. SNIDE et al., Respondents.—Appeal from an order of Supreme Court at Special Term, entered June 28, 1977 in Hamilton County, which denied plaintiff's motion to vacate a certain stipulation, and granted the motion of defendants directing plaintiff to execute and deliver a certain boundary line agreement. On September 27, 1976, plaintiff commenced an action in County Court of Hamilton County for an injunction, restraining defendants from trespassing on plaintiff's property, for ejectment and damages. The action was reached for trial on January 12, 1977 before the County Judge of Hamilton County and, prior to commencement of the trial, the action was disposed of by a stipulation of settlement. The stipulation was placed upon the record in open court with all parties and their counsel expressing agreement with the terms of the stipulation. The court stated that upon the necessary documents being executed by all the parties and recorded with the county clerk, a stipulation of discontinuance will be filed with the court. Plaintiff thereafter refused to execute the boundary line agreement as provided for in the stipulation. The County Judge of Hamilton County disqualified himself from participating any further in the action because plaintiff had filed a complaint against him. Defendants instituted this motion for an order directing plaintiff to execute and deliver the agreed upon boundary line agreement, and plaintiff cross-moved for an order vacating the stipulation entered into on January 12, 1977 alleging that she was coerced by her attorney to agree to the boundary line agreement. The motion was returnable before Special Term of Supreme Court in Essex County. County Court does not have jurisdiction of an action for trespass, and the action commenced by plaintiff in County Court of Hamilton County is, therefore, a nullity, and any determination made therein is void (NY Const, art VI, §§ 10, 11; Judiciary Law, § 190; *Gilbert v Reynolds,* 68 Misc 2d 984; *Piekelko v Lake View Brewing Co.,* 65 Misc 365). "Generally, stipulations made in an action or special proceeding may be enforced either summarily, by a motion in the action or proceeding to compel performance, or by a separate action founded upon the stipulation and brought for the same purpose." (2 Carmody-Wait 2d, NY Prac, § 7:16.) A court does not have the authority to enforce a stipulation by motion where the action or proceeding has definitely terminated *(Yonkers Fur Dressing Co. v Royal Ins. Co.,* 247 NY 435; *Allard v Allard,* 27 AD2d 776; *American Progressive Health Ins. Co. of N. Y. v Chartier,* 6 AD2d 579). Where an action is discontinued by consent, it is as though the action never existed. Since there was no authority in County Court to entertain the action herein for trespass, such action did not exist, and there was no viable action as a vehicle for bringing the motion, and defendants must be left to a plenary action based upon contract. Order reversed, on the law, without costs. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Larkin, JJ., concur.