■ LESTER BEZIO, Respondent, v ELEANOR BEZIO, Appellant.— Appeal from an order of the Supreme Court at Special Term, entered May 27, 1980 in Schenectady County, which granted plaintiff's motion for enforcement of a stipulation agreement. Alleging cruel and inhuman treatment by defendant, plaintiff commenced the instant action for divorce in Schenectady County Supreme Court in January of 1979. He thereupon moved in that court for an order compelling defendant to comply with the terms of a stipulation agreement regarding the appraisal and sale of the jointly owned marital residence. The parties, by and through their respective attorneys, had entered into the subject stipulation in April, 1978 during a support proceeding initiated by defendant against plaintiff in Schenectady County Family Court, and the stipulation was entered "in satisfaction of [defendant's] petition for support". Pursuant to the stipulation, the parties basically agreed to have the jointly owned marital residence independently appraised and then, at defendant's option, either defendant was to be allowed to purchase plaintiff's interest in the realty or the property was to be sold to a third person with the proceeds divided equally between the parties. Opposing plaintiff's motion to compel compliance with the stipulation, defendant argued that Family Court lacked subject matter jurisdiction at the time the alleged agreement was executed and that, at the very least, a plenary action was necessary for the enforcement of the subject stipulation. Special Term ruled in favor of plaintiff, and defendant now appeals. We hold that the challenged order should be affirmed. In so ruling, we note preliminarily that upon the present record it is clear that the stipulation agreement conforms with the procedural requirements of CPLR 2104 in that it related to the support proceeding in which it arose in Family Court and was made between counsel in open court and later reduced to an order and entered. Furthermore, while we agree with defendant that Family Court lacked the authority to compel the sale of realty as embodied in the stipulation (*Matter of Virostek v Wilkins*, 63 AD2d 207), we nonetheless conclude that Special Term properly granted plaintiff's motion under the particular circumstances presented herein. Generally, a stipulation agreement may be enforced either by way of a motion in the action or proceeding in which it has arisen and which is still pending or by way of a separate action brought for that purpose (*Smith v Snide*, 63 AD2d 797). Here, even if we assume that the Family Court support proceeding previously brought by defendant is still pending, plaintiff's proceeding by motion therein would obviously be pointless because, as noted, Family Court lacks the power to compel compliance with the stipulation at issue. Accordingly, plaintiff sought enforcement of the stipulation by way of motion in the present divorce action, and in our judgment this subsequent action should be deemed the functional equivalent of a plenary action founded upon the stipulation. Not only were both parties fully aware of the purpose of plaintiff's motion and given a full and fair opportunity to argue the issue before Special Term, but also there is no allegation of fraud, duress or other similar ground in the stipulation agreement's execution. That being so, in light of the unusual procedural history of this case and in the interest of judicial economy, the order enforcing the stipulation should be upheld (see *Matter of Oswald v Oswald*, 73 Misc 2d 607).

Order affirmed, with costs. Mahoney, P. J., Greenblott, Main, Mikoll and Herlihy, JJ., concur.