OPINION OF THE COURT

Per Curiam.

Order entered March 30, 1982, reversed, with $10 costs, and motion denied, without prejudice to such proceedings as tenants may be advised to bring to adjudicate their rights.
In December, 1978, the parties in open court stipulated to the settlement of holdover summary proceedings, agreeing, inter alia, that petitioners were to tender a lease containing a clause to the effect “that in the event the building is co-oped, the tenants shall have the option of first offer as tenants in possession, subject to tenants qualifying and there being no illegality”. In accordance with that provision, a new lease containing such a clause was in fact offered and accepted. Difficulties arose when *615 petitioners, alleging the “illegality” of tenants’ occupancy, refused to accept tenants’ offer to purchase their apartment. Thus, in July, 1981, over two and one-half years after the stipulation settling the holdover proceeding had been entered into, tenants moved, in that proceeding, in Civil Court, for an order directing petitioners to accept their subscription agreement and to transfer the proprietary lease and shares allocated to the apartment in question. Civil Court granted the requested relief.
We reverse. Even under the modern doctrine favoring motion practice over a plenary proceeding (Teitelbaum Holdings v Gold, 48 NY2d 51), it is doubtful that the underlying stipulation could support a motion directed to its enforcement. The parties had entirely fulfilled their obligations under the stipulation when the landlords tendered a new lease with the agreed upon clause, and the tenants accepted that lease. The quarrel here concerns the interpretation of the ensuing lease clause. In any event, even assuming that a motion seeking enforcement of the terms of the stipulation was appropriate, the Civil Court lacked the authority to grant the type of relief tenants sought; such relief could only be obtained in Supreme Court (see Bezio v Bezio, 79 AD2d 837). The Civil Court has clearly circumscribed and limited equitable powers (European-American Banking Corp. v Chock Full O’Nuts Corp., 109 Misc 2d 615, 620). It may issue injunctions or “other orders for the enforcement of housing standards” (CCA, § 110, subd [a], par [4]; § 203, subd [o]); may provide for specific performance of a contract for the sale of real property where the contract price does not exceed $10,000 (CCA, § 203, subd [d]); or, may issue injunctions in matters relating to replevin or enforcement proceedings (CCA, § 209, subd [b]). The order to accept tenants’ subscription agreement and turn over shares of stock and the proprietary lease of the apartment to which those shares relate was one beyond the power of the Civil Court to issue.
It is finally noted that the remedy granted below was in the nature of a summary judgment. A hearing was plainly required to establish whether tenants’ occupation was legal or illegal within the meaning of the lease — a basic point in the determination as to their right to purchase. *616 The lower court in its decision seemingly recognized this, stating, “Any final determination of ‘illegality’ may only be made by a court after hearing or trial”. However, the court made a final determination without the benefit of a hearing or trial.
Hughes, J. P., Riccobono and Sullivan, JJ., concur.