## Petition of Telesystems Corp.

[535 A.2d 1277]

No. 87-204

Present: **Allen, C.J., Peck, Gibson and Dooley, JJ., and Barney, C.J. (Ret.), Specially Assigned**

Opinion Filed September 11, 1987

*John L. Franco, Jr.*, Assistant City Attorney, Burlington, for Plaintiff.

*Kathleen H. Davis* and *Richard N. Bland* of *Downs Rachlin & Martin*, Burlington, for Defendant.

*Samuel H. Press*, Director for Public Advocacy, Montpelier, for Department of Public Service.

**Gibson, J.** The City of Burlington (City), by original motion to this Court, seeks specific performance of a settlement agreement previously entered into between it and Mountain Cable Company, successor-in-interest to Telesystems Corporation. The settlement

agreement resulted in the dismissal by this Court of a then-pending appeal.

Included in the settlement agreement was a provision that the agreement would have the force and effect of a judgment order as to all proceedings outstanding between the parties at the time. Citing V.R.A.P. 42(a), which states that "[a]n appeal may be dismissed on motion of the appellant upon such terms as may be agreed upon by the parties or fixed by the Court," the City maintains that the dismissal amounted to a judgment order or consent decree embodying the terms of the settlement agreement, which may now be enforced by this Court. We disagree.

When the prior litigation was settled, Mountain Cable filed a motion for dismissal, together with a copy of the settlement agreement evidencing that it had settled its differences with the City. Subsequently, on July 18, 1985, a stipulation for dismissal, executed by the two parties to the settlement agreement plus appellees Chittenden Community Television and the Vermont Department of Public Service, was filed with the Court, and the Court entered an order dismissing the appeal "pursuant to the stipulation of the parties filed on July 18, 1985." The parties made no attempt to obtain the approval of this Court to the settlement agreement or have it incorporated into a judgment order.

■ Generally, when a settlement agreement is entered into, it may be enforced either summarily, by a motion in the original action to compel performance, or by a separate action founded upon the settlement agreement. *Musifilm, B.V.* v. *Spector*, 568 F. Supp. 578, 581 (S.D.N.Y. 1983); *Smith* v. *Snide*, 63 A.D.2d 797, 797, 404 N.Y.S.2d 927, 929 (1978). Some courts will not act to enforce a settlement agreement upon motion filed in the original proceeding unless they have previously incorporated the agreement into a judgment order or otherwise approved it, *Fairfax Countywide Citizens Ass'n* v. *County of Fairfax*, 571 F.2d 1299, 1302-03 (4th Cir.), *cert. denied*, 439 U.S. 1047 (1978); *Musifilm, B.V.* v. *Spector*, 568 F. Supp. at 581; *Backers* v. *Bit-She*, 549 F. Supp. 388, 389 (N.D. Cal. 1982), or else expressly retained jurisdiction for the purpose of enforcing the settlement. *Smith*, 63 A.D.2d at 797, 404 N.Y.S.2d at 929; *Anderson* v. *Atlantic Improvement Corp.*, 36 Misc. 2d 455, 456, 232 N.Y.S.2d 793, 794-95 (Sup. Ct. 1962); *In re Corrugated Container Antitrust Litigation*, 752 F.2d 137, 141-42 (5th Cir.), *cert. denied*, 473 U.S. 911 (1985). Other courts have no such requirements. *Southwestern Bell Tele-*

*phone Co.* v. *Roussin,* 534 S.W.2d 273, 275-76 (Mo. App. 1976); *Tracy-Collins Bank & Trust Co.* v. *Travelstead,* 592 P.2d 605, 607-08 (Utah 1979). We believe the better and more orderly course requires that the court approve the terms of a settlement agreement before it endeavors to enforce it. This will minimize the possibility that unconscionable terms of settlement are accorded the force and effect of a judgment order.

In establishing this requirement, we do not mean that the terms of a settlement agreement must necessarily be made part of the record of the case. Such a requirement would tend to discourage settlements, because the parties to a settlement frequently do not want the terms to be made public. It is enough for the court to read the terms of settlement to satisfy itself that specific enforcement of its terms would be valid and then issue an appropriate order. See *McCall-Bey* v. *Franzen,* 777 F.2d 1178, 1189 (7th Cir. 1985).

■ Here, there is no judgment order incorporating or approving the terms of settlement, and the underlying action has been dismissed. The original action is thus no longer on the docket. Accordingly, the motion for specific performance is inappropriate and must be dismissed.

We recognize that one option in such circumstances is a motion under V.R.C.P. 60(b) to vacate the dismissal order and restore the case to the docket for action by the court. See *Strama* v. *Peterson,* 96 F.R.D. 198, 199 (N.D. Ill. 1982). While this approach might eliminate the barrier discussed above, it still would not lead to the relief the City seeks. In this case, the parties disagree about the validity of a provision of the settlement agreement as it relates to Mountain Cable's right to make changes in rate structure following deregulation of its rates from the jurisdiction of the Vermont Public Service Board. Because of the nature of the dispute, this matter merits more plenary treatment than can be afforded by summary enforcement in the instant proceeding. This appellate forum is particularly unsuitable for the evidentiary hearings which may be necessary to interpret the agreement. The problem is aptly described in *Autera* v. *Robinson,* 419 F.2d 1197 (D.C. Cir. 1969):

> It is now well established that the trial court has power to summarily enforce on motion a settlement agreement entered into by the litigants while the litigation is pending

before it. Quite obviously, so simple and speedy a remedy serves well the policy favoring compromise, which in turn has made a major contribution to its popularity.

Yet it is apparent that the summary procedure for enforcement of unperformed settlement contracts is not a panacea for the myriad types of problems that may arise. The summary procedure is admirably suited to situations where, for example, a binding settlement bargain is conceded or shown, and the excuse for nonperformance is comparatively unsubstantial. On the other hand, it is ill-suited to situations presenting complex factual issues related either to the formation or the consummation of the contract, which only testimonial exploration in a more plenary proceeding is aptly to satisfactorily resolve.

*Id.* at 1200 (footnotes omitted). See also *Schweber* v. *Berger*, 27 A.D.2d 840, 840, 277 N.Y.S.2d 855, 857 (1967) (if party desired to attack validity of settlement stipulation that was clear and unambiguous, proper remedy was to bring plenary action to try out issues of circumstances under which settlement stipulation was made). Further, we note that plenary proceedings with respect to the dispute have already been held in superior court in an action that is now on appeal to this Court.

If the City's petition is deemed to be an original action for extraordinary relief, as Mountain Cable Company contends, the City must show by verified complaint or complaint supported by affidavit that there is no adequate remedy under the Rules of Civil Procedure or by proceedings for extraordinary relief in the superior court. V.R.A.P. 21(b). This it has failed to do. In fact, as noted above, the City has already sought relief in superior court from the alleged breach of the settlement agreement.

In light of the above considerations, the City's motion for specific performance must be dismissed.

*Dismissed.*