**JUDI'S OF ST. CROIX CAR RENTAL, LINDA DENNER and DENNIS DENNER, Appellants/Defendants**

**v.**

**JAHMECA WESTON, Appellee/Plaintiff**

S. Ct. Civ. No. 2007-050

Supreme Court of the Virgin Islands

February 21, 2008

EDWARD L. BARRY, ESQ., St. Croix, U.S.V.I., *Attorney for Appellants*.

K. GLENDA CAMERON, ESQ., St. Croix, U.S.V.I., *Attorney for Appellee*.

HODGE, *Chief Justice*; SWAN, *Associate Justice*; and HOLLAR, *Justice Pro Tem*[1].

## OPINION OF THE COURT

(February 21, 2008)

Appellants Judi's of St. Croix Car Rental, Linda Denner and Dennis Denner (collectively "Appellants") appeal both the Superior Court order setting aside entry of dismissal and entering judgment in favor of Appellee Jahmeca Weston ("Weston") and the order denying Appellants' Motion for Reconsideration. For the reasons which follow, the order setting aside entry of dismissal and entering judgment for Weston will be reversed and the order denying Appellants' Motion for Reconsideration will be dismissed as moot.

## I. BACKGROUND

Weston entered into a rent-to-own agreement with Appellants, who own a car rental company in St. Croix, for the purchase of an automobile then valued at approximately $5,000. After partial payment of the purchase price, Appellants allegedly repossessed the vehicle for nonpayment. Weston alleged that Appellants stole her vehicle as well as

---

[1]    Judge Hollar is a Sitting Judge of the Superior Court of the Virgin Islands, Division of St. Thomas-St. John sitting in this matter by designation pursuant to V.I. CODE ANN. tit. 4 § 24(a).

$1,500[2] in cash that was located in the glove box of the vehicle; Appellants dispute whether the cash was in fact in the vehicle at the time of repossession.

After a complaint and an answer were filed, the parties submitted their dispute to mediation which produced a settlement agreement. Appellants agreed to pay Weston a total sum of $60,000, $10,000 of which was to be paid within thirty (30) days with the remaining $50,000 to be paid in monthly installments of $2,000. The agreement also provided that if Appellants paid in full by January 15, 2006, they would be entitled to a $5,000 deduction from the total amount due.

On October 14, 2005, relying upon the mediator's report that the matter had been completely settled, the Superior Court judge dismissed the complaint but explicitly retained jurisdiction for sixty days "in order that the dismissal be vacated in the event that the settlement reported by the parties is not consummated." (App. 18). The Order of Dismissal cautioned that "if the parties desire that the Court retain jurisdiction over the settlement agreement, they shall, within sixty (60) days of entry of this Order, file an executed copy of the settlement along with a consent motion for the Court to retain jurisdiction over the settlement" or the court could lose jurisdiction to enforce the settlement. (*Id.*). Because neither party acted on the order, the trial court, *sua sponte*, dismissed the case without prejudice on January 31, 2006.

Thereafter, Appellants paid the initial $10,000 but they did so three days late. They also missed their first four monthly installment payments. On March 17, 2006, however, Appellants tendered a bulk payment of $45,000 to Weston and her counsel, both of whom signed a "Settlement and General Release of All Claims" agreement stating that the $55,000 total amount tendered represented "payment in full." (App. 22). The parties then jointly signed a Stipulation for Dismissal with Prejudice, which was dated March 17, 2006 and filed with the Superior Court on March 21, 2006.

Ancillary to the monetary issues, the settlement agreement required Weston to make "a good faith effort" to supply Appellants with a bank record proving withdrawal of the $1,500 allegedly stolen from Weston's

---

[2]    Weston initially stated, in her Complaint, that the amount allegedly stolen was $1,000 but she later claimed that the amount was $1,500.

glove box. (App. 29). Instead of producing a bank record, Weston's mother provided an affidavit in which she stated that she withdrew the funds from her bank on April 6, 2002.[3] Appellants had requested, on November 29, 2005, that the case be reopened so that a subpoena could be issued for the alleged bank account but Weston's counsel denied the request.

On March 30, 2006, Weston, allegedly realizing for the first time that Appellants had taken the $5,000 deduction despite failing to pay in full within the time required by the agreement, filed a "Motion to Set Aside Entry of Dismissal and to Enforce Settlement Agreement." Weston sought to recover the $5,000 plus $120.17 in interest owed on the four late monthly installments. Rejecting Appellants' opposition, the trial court granted Weston's motion and the relief sought on February 7, 2007. Appellants thereafter filed a Motion for Reconsideration, which was denied on March 6, 2007.

On April 3, 2007, Appellants' filed a Notice of Appeal, appealing both the order that set aside entry of dismissal and entered judgment in favor of Weston and the order that denied Appellants' Motion for Reconsideration.

## II. DISCUSSION

### A. Jurisdiction and Standards of Review

"The Supreme Court [has] jurisdiction over all appeals arising from final judgments, final decrees or final orders of the Superior Court." V.I. CODE ANN. tit. 4 § 32(a). Because the March 6, 2007 order denying Appellants' Motion for Reconsideration was a final judgment, the appeal was properly filed with this Court on April 3, 2007.

■ Our review of the Superior Court's application of law is plenary. *St. Thomas-St. John Bd. of Elections v. Daniel*, 49 V.I. 322, 330 (V.I. 2007). In particular, we exercise plenary review over the trial court's decisions regarding subject matter jurisdiction. *In re Phar-Mor, Inc. Secur. Litig.*, 172 F.3d 270, 273 (3d Cir. 1999). Findings of fact, however, are reviewed only for clear error. *Daniel*, at 330.

---

[3] Weston initial told Appellants that the money had been withdrawn on August 6, 2002, not April 6, 2002.

## B. The Trial Court Lacked Jurisdiction to Enforce the Settlement Agreement upon Expiration of the Sixty Day Period Provided for in the October Dismissal

■ Before we can decide whether the Superior Court had jurisdiction to set aside the several dismissals that were filed in the trial court to determine which comprised the final order in the case. According to the Third Circuit Court of Appeals, orders that *dismiss* an action *pending settlement* automatically ripen into final orders if the parties fail to reopen the matter within the timetable provided for in the order. *Berke v. Bloch*, 242 F.3d 131, 135 (3d Cir. 1990). On the other hand, an order purporting to *close* a case generally requires a separate order upon the expiration of the time period to be considered final. *WRS, Inc. v. Plaza Ent., Inc.*, 402 F.3d 424, 428-29 (2d Cir. 2005).

The record before us indicates that three dismissals were filed in the trial court. First, on October 14, 2005, the trial court entered an "Order of Dismissal" (hereafter "October Dismissal") that dismissed the case but retained jurisdiction for sixty days to allow for the dismissal to be vacated if the settlement agreement was not consummated.[4] Then, on January 31, 2006, the court *sua sponte* entered a "Judgment of Dismissal" (hereafter "January Dismissal") that dismissed the case without prejudice because the sixty day period had expired and neither party had moved the court to vacate the October dismissal.[5] Finally, on March 21, 2006, the parties'

---

[4] The October Dismissal stated:

THE ABOVE ENTITLED matter having been reported settled and it appearing that it is no longer necessary that it remain on the trial calendar and the Court being otherwise fully advised in the premises, it is

ORDERED, ADJUDGED and DECREED that the complaint be and the same is hereby dismissed. Notwithstanding said dismissal, the Court will retain jurisdiction of the matter for a period of SIXTY (60) DAYS in order that the dismissal be vacated in the event that the settlement reported by the parties is not consummated; and it is further

ORDERED, ADJUDGED and DECREED that any application to vacate this dismissal shall be filed on or before the SIXTIETH (60th) DAY following the date of the entry of this Order; and it is finally

ORDERED, ADJUDGED and DECREED that if the parties desire that the Court retain jurisdiction over the settlement agreement, they shall, within SIXTY (60) DAYS of entry of this Order, file an executed copy of the settlement agreement along with a consent motion for the Court to retain jurisdiction over the settlement. Consent motions not filed within the prescribed time may result in the Court losing jurisdiction to enforce the settlement.

[5] The January Dismissal stated:

"Stipulation for Dismissal with Prejudice" (hereafter "March Dismissal") was filed with the court.[6]

In *Berke,* as here, the trial court ordered a dismissal without prejudice and left the case open for sixty days to allow for reinstatement of the action if settlement was not reached. *See* 242 F.3d at 135. The Third Circuit Court of Appeals held that such a *conditional* dismissal cannot be considered final until the fixed time period expires without an attempt by either party to reopen the matter. *See id.* In the case before us, the October Dismissal was a conditional dismissal, and it ripened into a final order when the sixty day period expired, on December 13, 2005, without either Appellants or Weston moving to vacate dismissal. Since a final order of dismissal already existed, the January Dismissal served only to memorialize the October Dismissal.

Appellants argue that the March dismissal, which purported to voluntarily dismiss the case *with prejudice,* was the final order in this case. (Pet'rs' Br. 11-12). Stipulated dismissals, however, do not become effective until the date they are filed with the court. *See McCall-Bey v. Franzen,* 777 F.2d 1178, 1185 (7th Cir. 1985). The March dismissal was not filed until nearly two months after the judge entered dismissal without prejudice; therefore, it is not the operative dismissal in this case. *See id.* (declaring the court's dismissal without prejudice to be the effective dismissal in that case because, "[w]hen the parties filed their stipulation, the judge had already ordered the case dismissed-without prejudice"). Thus, this Court will not address Appellants' arguments concerning the trial court's jurisdiction to enforce settlement agreements that have been dismissed pursuant to a Federal Rule of Civil Procedure 41(a)(1)(ii) dismissal.

Having established that the October Dismissal was the final order below, we now examine the language of that order to determine whether

---

THE COURT, *sua sponte,* notes that by its Order dated October 14, 2005 the Court would retain jurisdiction for sixty (60) days to allow the parties to consummate the settlement agreement, and if the agreement was not consummated, then the parties would notify the Court of same. To date, the parties have not notified the Court. The Court, being fully advised in the premises, it is therefore

ORDERED that the above-captioned action is DISMISSED WITHOUT PREJUDICE.

[6] The March "Stipulation for Dismissal with Prejudice" stated:

THIS MATTER having been settled in mediation, the parties hereby stipulate that this case be dismissed with prejudice, the parties to bear their own court costs and attorney's fees.

it enabled the trial court to retain jurisdiction to enforce the settlement agreement upon expiration of the sixty-day time period. Weston argues that because the October Dismissal stated that the trial court would retain jurisdiction over the settlement agreement for sixty days to allow for vacation of the dismissal "if the agreement is not consummated," the court thereby had the power to reopen the case upon breach of either party even *after* expiration of the sixty days. (Resp't's Br. 6).

■ On the contrary, the U.S. Supreme Court and the Third Circuit Court of Appeals have explicitly held that when a trial court dismisses a case because the parties have settled, the court does not have jurisdiction to enforce the terms of the settlement agreement simply because it had jurisdiction to decide the underlying action. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994) ("[e]nforcement of [a] settlement agreement . . . is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction"); *Shaffer v. GTE North, Inc.*, 284 F.3d 500, 503 (3d Cir. 2002) ("reinstatement of an action, which revives the underlying claim and sends the litigants back to the original battlefield, is totally different from the enforcement of the terms of a settlement agreement because one of the parties has not complied with those terms"). It follows then that something more is required for a trial court to retain jurisdiction to enforce a settlement agreement. Under *Kokkonen,* jurisdiction to enforce a settlement agreement requires: (1) an independent basis for jurisdiction; (2) the embodiment of the settlement contract in the dismissal order; or (3) express retention of jurisdiction to enforce the agreement. 511 U.S. at 381-82.[7]

---

[7] We are cognizant of the fact that, unlike state courts, federal courts are courts of limited jurisdiction. *See Kokkonen,* 511 U.S. at 377. Therefore, we recognize that *Kokkonen* may not be automatically applicable to state courts. *See, e.g., McCall-Bey,* 777 F.2d at 1185 ("unless jurisdiction is retained the settlement agreement requires an independent basis of federal jurisdiction in order to be enforceable *in federal rather than state court*" (emphasis added)); *Fairfax Countywide Citizen's Ass'n v. Fairfax County, Virginia,* 571 F.2d 1299, 1304, n.14 (4th Cir. 1978) ("The principle of a court's inherent power to enforce settlement agreements appears to have had its origins in state-court decisions. However, since state courts, unlike federal courts, are courts of general jurisdiction, state courts generally need not concern themselves with the source of their jurisdictional authority over a dispute.").

We find, nevertheless, that *Kokkonen* is applicable to dismissals granted by the Virgin Islands Superior Court. Procedurally, Virgin Islands courts are similar to federal courts. For example, in the Virgin Islands, as in federal courts, cases are commenced with the filing of

When neither party moved to vacate the dismissal within the time period, the trial court entered the January Dismissal without incorporating the terms of the settlement agreement or expressing intent to retain enforcement jurisdiction. Consequently, the October Dismissal conditionally retained jurisdiction only to vacate dismissal, not to enforce the agreement. *Kokkonen*, 511 U.S. at 381 ("The judge's mere awareness and approval of the terms of the settlement agreement do not suffice to make them part of his order."); *Shaffer*, 284 F.3d at 504 (holding that language in a dismissal order that provides for the reinstatement of a case if the settlement agreement fails to be consummated is not an explicit retention of enforcement jurisdiction under *Kokkonen*); *In re Phar-Mor,*

---

a complaint. *See, e.g.*, SUPER. CT. R. 22; FED. R. CIV. P. 3. Additionally, cases in both the Virgin Islands and the federal courts are terminated by a judgment or a dismissal. *See, e.g.*, SUPER. CT. R. 7 (federal rules of procedure applicable where not inconsistent with Superior Court rules of practice and procedure), 48 (judgment by default); FED. R. CIV. P. 41 (dismissals), 52 (judgment on partial findings), 54 (judgment), 55 (default judgment), 56 (summary judgment).

Although decisions of our predecessor court, the Appellate Division of the District Court of the Virgin Islands, are not binding on us, we have found guidance in that court's analysis of similar circumstances in *Berne. See* 2002 U.S. Dist. LEXIS 18024. The Appellate Division relied upon *Kokkonen, Shaffer, In re Phar-mor,* and *Hanson,* as we have here, in holding that the then Territorial Court lacked jurisdiction to reopen a case to enforce a settlement agreement where the dismissing judge had expressly stated that the court was not retaining enforcement jurisdiction. In addition, some *state* courts have refused to enforce a settlement agreement where the agreement was not incorporated into the dismissal and/or where enforcement jurisdiction was not expressly retained. *See, e.g., Paulucci, v. Gen. Dynamics Corp.*, 842 So. 2d 797, 803 (Fla. 2003) ("[W]hen a court incorporates a settlement agreement into a final judgment or approves a settlement agreement by order and retains jurisdiction to enforce its terms, the court has the jurisdiction to enforce the terms of the settlement agreement even if the terms are outside the scope of the remedy sought in the original pleadings."); *Hanson v. Bd. of Educ. of Mineral*, 198 W. Va. 6, 479 S.E.2d 305, 309 (1996) ("Although a circuit court, as a court of general jurisdiction, has substantial power, it lacks the inherent power to consider a new cause of action within the framework of a previous suit . . . In this case, the circuit court did not obtain jurisdiction by our dismissal or by the settlement agreement or by the circuit court's inherent power or by the institution of suit on proper legal form.") (explicitly referencing *Kokkonen*); *Petition of Telesystems Corp.*, 148 Vt. 411, 535 A.2d 1277, 1279 (1987) ("[T]here is no judgment order incorporating or approving the terms of settlement, and the underlying action has been dismissed. The original action is thus no longer on the docket. Accordingly, the motion for specific performance is inappropriate and must be dismissed."); *Anderson, v. Atlantic Improvement Corp.*, 36 Misc.2d 455, 456, 232 N.Y.S.2d 793 (N.Y. Sup. Ct. 1962) ("It has been held that when the effect of a settlement and stipulation is the termination of the original action and the substitution of a new contract, the sole remedy for its enforcement is a plenary action on the contract created by the stipulation.").

*Inc.*, 172 F.3d at 274 (mere reference to the fact of settlement will not by itself incorporate the settlement agreement's terms into the dismissal order); *Berne v. Boschulte*, No. civ. App. 2000-77, 2002 U.S. Dist. LEXIS 18024 at *14 n. 8 (D.V.I. Sept. 19, 2002) (noting that the option to reinstate a claim within sixty days does not mean the court has retained jurisdiction over enforcement of the settlement agreement).

■ Accordingly, we hold that absent an independent jurisdictional basis, the Superior Court was without jurisdiction to enforce the settlement agreement, despite an alleged breach by the Appellants, because the court did not explicitly retain enforcement jurisdiction or incorporate the terms of the settlement agreement in its dismissal order.[8]

## C. Rule 60(b)(1) and (6) of the Federal Rules of Civil Procedure Do Not Provide an Independent Basis for Asserting Jurisdiction over the Settlement Agreement

Because the trial court did not explicitly retain enforcement jurisdiction or incorporate the terms of the settlement agreement, the trial court required an independent basis in order to assert jurisdiction after expiration of the sixty-day period. In the proceedings below, the trial court concluded that a breach of the settlement agreement was grounds for Federal Rule of Civil Procedure 60(b)(1) and (6) relief and thus vacated the dismissal and entered judgment on the settlement agreement in favor of Weston. (App. 39-40).

■ Rule 60(b)[9] empowers a trial court to relieve a party from a final judgment. *Shaffer*, 284 F.3d at 505, n.4. The rule, in relevant part,

---

[8]   The two main cases cited by Weston to support her contention that the October dismissal retained jurisdiction to enforce the settlement agreement are not helpful. The first case, *Re/Max Int'l, Inc. v. Realty One, Inc.*, 271 F.3d 633 (6th Cir. 2001), is distinguished because the dismissal order there stated that "[a]ny 'subsequent order setting forth different terms and conditions relative to the settlement and dismissal of the within action shall supersede the within order.'" 271 F.3d at 641. Here, the dismissal language did not foreshadow any such retention of jurisdiction. The second case, *Bell v. Schexnayder*, 36 F.3d 447 (5th Cir. 1994), did not involve a party seeking enforcement of the settlement agreement after the expiration of the sixty-day period, as is the case here, but instead involved a party seeking attorney's fees within the sixty-day retention period. 36 F.3d at 449.

[9]   The Federal Rules of Civil Procedure are made applicable hereto by Superior Court Rule 7 which reads in full: "The practice and procedure in the [Superior] Court shall be governed by the Rules of the [Superior] Court and, to the extent not inconsistent therewith, by the Rules of the District Court, the Federal Rules of Civil Procedure, the Federal Rules of Criminal Procedure and the Federal Rules of Evidence."

provides: "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason that justifies relief." FED. R. CIV. P. 60(b). In its order granting relief under Rule 60, the trial court failed to specify which Rule (60)(b)(1) factor it found applicable. The only potential evidence of "mistake, inadvertence, surprise, or excusable neglect" we find in the record before us is the statement, made for the first time in Weston's reply motion, that "[t]he dismissal was entered into in error as Plaintiff believed that the Defendant had paid what was agreed to in the settlement." (App. 37). Weston's failure, however, to verify if the amount received was correct upon accepting payment from Appellants and signing the release acknowledging payment in full was a product of carelessness rather than mistake. *See generally, In re: Woods v. Kenan,* 173 F.3d 770, 779 (10th Cir. 1999) (noting that mere carelessness of a party is not enough to invoke Rule 60(b)(1) relief). Moreover, Weston's alleged error is relevant only to the March Dismissal and not the October Dismissal which is the operative dismissal in this case.

■ Relief under Rule 60(b)(6)'s "any other reason that justifies relief" clause is granted only "under extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur." *Sawka v. Healtheast, Inc.,* 989 F.2d 138, 140-41 (3d Cir. 1993). The breach of a settlement agreement, however, does not satisfy that requirement. *Id.* (holding that extraordinary circumstances are "simply not present . . . since Sawka may file a separate action on the settlement agreement itself").

According to the Third Circuit Court of Appeals, breach of a settlement agreement may give rise to a *separate* cause of action to *enforce* the agreement but is not a basis for Rule 60(b) relief. *Id.* Consequently, barring compliance with the *Kokkonen* factors, Weston's remedy for Appellants' alleged breach was to initiate a new action based on the settlement agreement.[10] Thus, the trial court should not have set aside the judgment of dismissal solely on the ground that appellants breached the

---

[10]    We reach the same conclusion with respect to Appellants' claim that Weston breached the settlement agreement by failing to turn over the bank record confirming the $1,500 cash withdrawal.

settlement agreement.[11] Accordingly, Rule 60(b) relief did not afford the trial court an independent basis for retaining jurisdiction after the sixty-day period expired.

## D. Superior Court Rule 40(f) Does Not Provide an Independent Basis for Asserting Jurisdiction over the Settlement Agreement

The trial court, in denying Appellants' Motion for Reconsideration and rejecting their argument that the court lacked jurisdiction after dismissal, cited Superior Court Rule 40(f)(3) as providing an independent jurisdictional basis for enforcing the settlement agreement. (App. 56). The rule provides: "[i]n the event of any breach or failure to perform under the [mediated] agreement, the Court upon motion may impose sanctions, including costs, attorney fees, *or other appropriate remedies including entry of judgment on the agreement.*" SUPER. CT. R. 40(f)(3) (emphasis added). In order to invoke this sanction provision, however, the parties must first comply with the requirements of Rule 40(f)(2), which provides, in relevant part:

> [i]f an agreement is reached, it shall be reduced to writing and signed by the parties and their counsel, if any. The agreement *shall be filed* when required by law or *by the parties' consent. If the agreement is not filed,* a joint stipulation of dismissal or *consent judgment shall be filed.*

SUPER. CT. R. 40(f)(2) (emphasis added).

Thus, if the parties wish the trial court to have independent jurisdiction to impose sanctions for breach or failure to perform a mediated settlement agreement under Rule 40(f)(3), they must take the affirmative step of filing the settlement agreement with the court by consent or as required by law so the court can address the settlement or incorporate it into the dismissal order. This procedure is, in fact, the exact one suggested to the parties by the trial court in the October dismissal. Neither party, however, availed itself of the suggestion, nor did they

---

[11] We note that any potential argument that judicial economy necessitates that a party not be required to file a separate action on the settlement agreement when a breach occurs will not support the expansion of the trial court's jurisdiction. *See Hanson,* 479 S.E.2d at 309 ("Usually we applaud efforts to achieve judicial economy, but such efforts cannot expand the power of the court to hear and determine a case.").

406

comply with the requirements of Rule 40(f)(2)[12]. The mere dismissal of the case, either by court order or by joint stipulation of dismissal, without filing the agreement as required by Rule 40(f)(2) will not preserve the court's jurisdiction to invoke the sanction power of Rule 40(f)(3)[13]. Accordingly, under the circumstances occurring here, the trial court erred when concluding that Rule 40(f)(3) provided a proper independent basis for asserting jurisdiction.[14]

## III. CONCLUSION

Because the October Dismissal dismissed the underlying action without incorporating the agreement or manifesting an intent to retain enforcement jurisdiction, this Court holds that the trial court lacked jurisdiction to review any alleged breach of the settlement agreement absent a separate action for breach of contract. Additionally, on the facts presented, the trial court erred in utilizing Federal Rule of Civil Procedure 60(b)(1) and (6) as an independent jurisdictional basis to set aside dismissal because a breach of an unincorporated settlement agreement does not justify relief when the parties can bring a separate cause of action to enforce the agreement. Moreover, we hold that the trial court could not apply Superior Court Rule 40(f)(3) as a sanction for breach of the settlement agreement because neither the agreement nor a consent judgment were properly filed with the court. Accordingly, the trial court's

---

[12] The joint stipulation of dismissal in this case was belatedly filed in March 2006, after the case was already dismissed by the court.

[13] Superior Court Rule 40(f) is identical to and was modeled after Florida's Rule of Civil Procedure 1.730(c). Florida courts, utilizing such mediation rules, consistently manifest the intention to retain jurisdiction over settlement agreements when dismissing cases. *See, e.g., Commercial Capital Resources, LLC v. Giovannetti*, 955 So. 2d 1151, 1153 (Fla. Dist. Ct. App. 2007); *Baron v. Provencial*, 908 So. 2d 526, 528 (Fla. Dist. Ct. App. 2005); *W.C. Riviera Partners, LC. v. W.C.R.P., LC.*, 912 So. 2d 587 (Fla. Dist. Ct. App. 2005) ("When a court incorporates a settlement agreement into a final judgment or approves a settlement agreement by order and retains jurisdiction to enforce its terms, the court has the jurisdiction to enforce the terms of the settlement agreement. [T]he extent of the court's continuing jurisdiction to enforce the terms of the settlement agreement is circumscribed by the terms of that agreement." (internal quotations omitted)).

[14] We do not here decide whether the trial court's sanction authority under Superior Court Rule 40(f)(3) extends beyond "entry of judgment on the agreement" to include enforcement of the terms of the settlement agreement where the case is dismissed without incorporating the terms of the agreement in the dismissal order or without specifically retaining enforcement jurisdiction.

order setting aside the dismissal and entering judgment in favor of Weston is reversed and review of the order denying Appellants' Motion for Reconsideration is dismissed as moot. This case is hereby remanded for a disposition consistent with this opinion.