STATE OF VERMONT
ENVIRONMENTAL COURT

| | |
|---|---|
| In re Smith 4-Lot Subdivision Final Plat (Appeal of Pauze) | Docket No. 244-12-09 Vtec |

## Decision on Motion to Approve and Enforce Settlement Agreement

E. Francis Pauze, Jr. ("Appellant") has filed a motion to approve and enforce a settlement agreement executed after court-ordered mediation in July 2010. The motion followed an appeal of municipal permits granted to Howard Smith ("Applicant") for a four-lot subdivision in Poultney, Vermont. Applicant opposes the motion to approve and enforce, claiming that the Court lacks jurisdiction to enforce the settlement agreement and that the agreement is not binding.

In this proceeding, Appellant is represented by John C. Thrasher, Esq. and Applicant is represented by Phyllis R. McCoy-Jacien, Esq.

## Factual Background

For the sole purpose of putting the pending motion in context, we recite the following facts, which we understand to be undisputed unless otherwise noted:

1. By his appeal to this Court, Appellant alleges that the Town of Poultney Design Review Board ("DRB"), in a decision issued November 18, 2009, failed to properly apply the Town of Poultney Subdivision Regulations ("Regulations") to Applicant's subdivision application and that this Court, in its de novo review, should deny the pending application.

2. Applicant's proposed four-lot subdivision is of a 4.63± acre parcel located at 122 On the Green in Poultney, in the Rural Residential 1-Acre Zoning District. The parcel contains one existing house.

3. On July 29, 2010, as a result of court-ordered mediation, the parties reached an agreement resolving "all issues raised or that could have been raised" in this appeal. With the assistance of a mediator, the parties reduced their agreement to writing in a document entitled "Settlement Agreement." The mediator filed a copy of this Settlement Agreement with the Court as an exhibit to the parties' Alternative Dispute Resolution Report which is dated July 30, 2010 and was filed August 2, 2010.

4. Both parties and their respective attorneys signed the Settlement Agreement.

5. The Settlement Agreement states that the parties will file a stipulation so that the Court may enter an order affirming the DRB's November 18, 2009 decision. See Settlement Agreement at 1.

6. The Settlement Agreement contains an "Acknowledgement of Arbitration" term, whereby the parties relinquish their rights to further litigate this dispute and commit to resolve any further disputes through arbitration. See id. at 2.

7. Paragraph 8 of the Settlement Agreement states that the parties will cooperate and sign all documents necessary to implement their Agreement. Id.

8. Paragraph 9 of the Settlement Agreement represents that the parties intend their Agreement "to resolve all issues raised or that could have been raised in" this pending appeal. Id.

9. The parties left the mediation session, after having signed the Settlement Agreement, with the understanding that further documents, incorporating the terms of the Agreement, would be completed by each party and filed with this Court, so that the Court could then sign an order disposing of this appeal based on those documents.

10. Within a matter of days after the parties signed the Settlement Agreement, Appellant contacted Applicant with suggested proposals to resolve outstanding landscaping and septic siting issues. See id. at 1.[1]

11. By December 7, 2010, Appellant made efforts to file the anticipated documents with the Court.

12. At a telephonic conference with the Court on March 31, 2011, Applicant first expressed his unwillingness to file the anticipated documents. Appellant thereafter filed the pending motion to have the parties' Settlement Agreement enforced by this Court.

---

[1] While it is not explicitly stated, these provisions make clear that the parties agreed to "negotiate in good faith the location and type of [additional landscaping] plantings," Settlement Agreement at 1, ¶ 2, and would "jointly agree" on whether the "state approved replacement leach field for Lot 1 may remain where it is." Id. at 1, ¶ 5. After the parties signed the Settlement Agreement, the Court inquired as to the status of these outstanding items. By letter dated August 26, 2010 and filed with the Court on August 30, 2010 (with a copy provided to Applicant's attorney), Appellant's attorney represented that the parties were working to resolve these final items, but that they might need until October 15 to complete the engineering and other preparatory work. During a status conference with the Court on October 18, 2010, both attorneys represented that the settlement was still moving forward.

**Discussion**

Pending before the Court is Appellant's motion to approve and enforce the Settlement Agreement that Appellant and Applicant executed after court-ordered mediation in July 2010. Appellant argues that the Agreement is enforceable by the Court because it was fully executed by both parties and their attorneys while the matter was part of the Environmental Division's exclusive jurisdiction and because Appellant is now simply requesting the Court's approval of that Agreement.

Applicant argues, in opposition, that this Court lacks jurisdiction to enforce the parties' Settlement Agreement. Applicant also asserts that the Agreement was not intended to be binding on the parties and that the Court cannot consider it so because the settlement has not yet been approved by the Court and incorporated into a judgment order. Applicant's final argument is that Appellant delayed in complying with the terms of the Agreement, thereby breaching the Agreement.

For the reasons detailed below, we reject Applicant's three arguments and agree with Appellant. We conclude that this Court does have the authority to recognize and enforce the Settlement Agreement, which was reached by the parties in the course of court-ordered mediation; that the Agreement reached by the parties is binding upon them; and that the complained-of delays were not so significant as to constitute a breach of the parties' Agreement.

## I.  Whether the Environmental Division has jurisdiction over the Settlement Agreement

A trial court has jurisdiction to enforce a settlement agreement in an action still pending and active on the court's docket, even when the terms of the agreement are not yet incorporated into an order. See Petition of Telesystems Corp., 148 Vt. 411, 412–13 (1987). However, the Telesystems Court established that when asked to enforce such an agreement, a trial court retaining jurisdiction must review the terms of the settlement agreement prior to enforcement, so as to "minimize the possibility that unconscionable terms of settlement are accorded the force and effect of a judgment order." Id. at 413.

We regard Telesystems as both confirming that this Court is an appropriate forum to enforce the challenged Settlement Agreement and requiring that the Court first review whether the Agreement's terms are conscionable before enforcing it. The fact that this Agreement was a result of court-ordered mediation lends additional

3

support to our conclusion that we have jurisdiction to enforce this Agreement.[2]  We also note that this Court has jurisdiction to conduct any necessary evidentiary hearings to resolve disagreements related to an agreement's formation or consummation.

Turning to the Agreement itself, we note that it was entered into specifically to resolve the disputed issues that arose in this Environmental Division docket.  The Settlement Agreement explicitly memorializes that the parties agreed to resolve the disputes in this appeal.  The Settlement Agreement was included in a mediation report submitted on a form that is routinely used by this Court as part of mediation proceedings.  See 12 V.S.A. § 5717(a)(1) (a signed mediation agreement is not privileged); 12 V.S.A. § 5718(a) (mediators may disclose a mediation report and signed mediation agreement).  For these reasons, the Settlement Agreement at issue is part of the open proceedings before this Court.

We note that the alternative of requiring the parties to litigate this enforcement request in the Civil Division would duplicate the parties' expenditures and be a waste of judicial resources because the matter can be resolved now, in the currently pending proceeding.  See Manosh v. Manosh, 160 Vt. 634, 634–35 (1993) (mem.) (indicating that it "would be unreasonable and a waste of judicial resources" to require a party to a settlement agreement to seek review and enforcement of the agreement in a different court proceeding while the dispute was still pending in the family court's jurisdiction).  We therefore conclude that we have jurisdiction to entertain Appellant's request for review of the parties' Settlement Agreement, and that we have the duty to do so in these still-open proceedings so as to minimize the expenditure of resources by the parties and the Court.

## II.    **Whether the Settlement Agreement is binding**

The next challenge Applicant raises is that the Settlement Agreement is not binding on the parties.  In his memorandum in opposition, Applicant asserts that the parties had no intention of being bound by the Settlement Agreement.  However, we find no support for this assertion in the facts presented.

Intent to be bound is a question of fact.  Catamount Slate Products, Inc. v. Sheldon, 2003 VT 112, ¶ 17, 176 Vt. 158 (2003) (citing Bixler v. Bullard, 172 Vt. 53,

---

[2] That is not to say that court-ordered mediation is a pre-condition of a trial court having jurisdiction to consider a request to enforce a settlement reached in the course of litigation.

58 (2001)).  An agreement need not state that it is legally binding to be so.  See Restatement (Second) of Contracts § 21 ("Neither real nor apparent intention that a promise be legally binding is essential to the formation of a contract. . . .").  We must turn to the terms of the agreement, as written, to determine whether the parties intended to be bound.  See Camara v. Camara, 2010 VT 53, ¶ 14 (finding that the parties intended to be bound when both the offer and acceptance were in writing); Northern Aircraft, Inc. v. Reed, 154 Vt. 36, 44–45 (1990) ("The law presumes the parties intended to be bound by the plain and express language of their contracts as they are written.").

We find that there is ample evidence in the terms of the Settlement Agreement itself that both Appellant and Applicant intended to be bound by it.  The Settlement Agreement specifically recites that the parties, who both signed the document, intended "to resolve all issues raised or that could have been raised in" this pending appeal and to arbitrate any future disputes.  The fact that the parties agreed to an arbitration clause reinforces the notion that the parties had a desire to be bound by their agreement.  The Settlement Agreement also contains no term suggesting that the parties did not intend to be so bound.

Appellant has referred to these terms in the Settlement Agreement to provide the evidentiary foundation that it is binding on the parties.  In contrast, Applicant has failed to file an affidavit or offer any evidence to support his bald assertion that the parties had no intention to be bound by the Settlement Agreement.  Without reference to such evidence, we view the material fact of whether the parties intended to be bound as essentially undisputed by Applicant here.[3]  We therefore conclude, based on the terms of the Settlement Agreement, that the parties intended the Agreement to be binding.

### III.    Whether Appellant breached the Settlement Agreement

Applicant's final argument is that Appellant delayed in complying with the terms of the Agreement and that his delay constitutes a breach of the parties'

---

[3] We are reminded that unsupported assertions in a legal memorandum submitted in opposition to a motion for summary judgment are not to be regarded as support for the conclusion that there are facts in dispute. See V.R.C.P. 56(e) (party opposing a summary judgment motion "may not rest upon the mere allegation or denials of the [moving] party's pleadings"); Webb v. Leclair, 2007 VT 65, ¶ 2, 182 Vt. 559 (2007) (mem.). While Appellant's pending motion is not specifically titled as a motion for summary judgment, we believe this rule provides relevant guidance.

Settlement Agreement. We note that a party may be relieved of her contractual obligations following a breach only when the breach by her contractual counterpart is "material." See Brady v. CU York Ins. Co., No. 2005-323, slip op. at 2 (Vt. March, 2006) (unpublished mem.) (citing Malladi v. Brown, 987 F.Supp. 893, 905 (M.D. Ala. 1997) and Restatement (Second) of Contracts § 237). For a breach to be material, it must cause a substantial injury to the party seeking relief from her obligations, id. (citing Malladi, 987 F.Supp. at 905), although contracting parties can define what constitutes material breach, essentially identifying for themselves what would constitute a substantial injury. See McGee Const. Co v. Neshobe Dev., Inc., 156 Vt. 550, 554 (1991).

In the record before us, we find no evidence of a delay by Appellant that would constitute a material breach. The parties signed their Settlement Agreement on July 29, 2010. The record reflects that within a matter of days, Appellant contacted Applicant with suggested proposals to resolve the outstanding landscaping and septic siting issues. Also, by December 7, 2010, Appellant made efforts to file a stipulation with the Court that would have brought these proceedings to a close and allowed Applicant to acquire his permit.

Further, Applicant has also made no allegations that he suffered a substantial injury from any alleged delays by Appellant. Applicant had options available if he was concerned with Appellant's pace; for instance, he could have relied on the arbitration clause in the Agreement to convene arbitration to resolve the remaining disputes. Moreover, the language of the Settlement Agreement has no set timeline for completion and no assertion that "time is of the essence." Thus, the Agreement itself does not appear to emphasize delay as a particular concern; there is no term indicating that any delay constitutes a material breach of the Agreement.

Based on the lack of evidence of any delay by Appellant, any substantial injury to Applicant, or any applicable terms in the Settlement Agreement concerning delay, we conclude that Appellant did not breach the Settlement Agreement in a material way. Nor is there any evidence in the record of a non-material breach by Appellant.

We further note that to abandon the parties' settlement now would only mean more litigation and delay. The record indicates that Appellant remains ready to consummate the parties' Agreement, thereby concluding these disputed proceedings.

6

Enforcement of the Settlement Agreement is the most appropriate way to avoid further delay for Appellant and Applicant.

## IV.    Approval and enforcement of the Settlement Agreement

As discussed above, this Court may only approve and enforce a settlement agreement once it has determined that enforcement of its terms would not be unconscionable.  See Telesystems, 148 Vt. at 413.  Applicant has made no allegation that this Agreement is unconscionable.  Even so, we have completed our own review, and we cannot find any term within the parties' Settlement Agreement that could be deemed unconscionable.

Moreover, the policy promoting compromise through the voluntary settlement of litigation is well-established in our case law.  See, e.g., Telesystems, 148 Vt. at 413–14.  In the absence of a credible allegation that the settlement terms are unconscionable, we are unwilling to disturb the parties' Settlement Agreement.  We therefore are obliged to approve and enforce the Settlement Agreement reached by the parties on July 29, 2010.

### Conclusion

For the reasons detailed above, we **GRANT** Appellant's motion to approve and enforce the parties' Settlement Agreement.  That is, we find that this Court has jurisdiction to enforce the Agreement and hereby do so.  We further conclude that the Settlement Agreement is binding upon the parties, and we approve the Agreement's terms as conscionable.  We also conclude that there was no material breach of the Agreement that would relieve either party from his contractual obligations.

The Court reminds both parties that they have bound themselves to resolve further disputes through arbitration, pursuant to their Agreement.

A Judgment Order accompanies this Decision.  This completes the current proceedings before this Court.

Done at Berlin, Vermont this 27th day of September, 2011.


Thomas S. Durkin,
Environmental Judge

7