VERMONT SUPERIOR COURT
Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT  05401
802-951-1740
www.vermontjudiciary.org

Docket No. 20-ENV-00007

| Town of Jericho v. Richard Workman |
|---|

## ENTRY ORDER

Title:         Motion to Enforce (Motion: 6)

Filer:         Claudine C. Safar, Esq.

Filed Date:    November 8, 2023

No response filed.

**The motion is GRANTED**.

This is an enforcement action brought by the Town of Jericho (Town) against Richard Workman (Mr. Workman or Respondent) concerning certain zoning violations regarding junk, unregistered vehicles, and hazardous materials at his property located at 3 Railroad Circle, Jericho, Vermont (the Property).

After the action was filed, the parties engaged in settlement discussions which ultimately lead to a resolution of the matter before the Court.  The parties filed a proposed stipulated judgment order incorporating a settlement agreement on April 14, 2023, which was adopted as a judicial order by this Court on April 24, 2023 (the Judgement Order and Settlement Agreement).  Presently before the Court is the Town's motion to enforce the Settlement Agreement incorporated into the Judgment Order.  Specifically, the Town requests that the Court impose 12% per annum compounding interest on a $70,000 payment set forth therein from the date of the Judgment Order until the date of the final payment, such amount becoming a lien on the Property.  As justification for the Town's request, the Town offers that Mr. Workman did not use good faith efforts to sell the Property since the date of the Judgment Order.

On January 22, 2024, this Court held a hearing on the Town's motion in a hybrid manner, with Mr. Workman appearing in person at Costello Courthouse in Burlington, Vermont and the

1

Town appearing remotely via the WebEx platform. In this matter, Mr. Workman is self-represented. The Town is represented by Claudine C. Safar, Esq.

### Factual Background

For the sole purpose of putting the pending motion in context, we recite the following facts, which we understand to be undisputed unless otherwise noted:

1. This is an enforcement action brought by the Town against Mr. Workman concerning certain zoning violations regarding junk, unregistered vehicles, and hazardous materials at his property located at 3 Railroad Circle, Jericho, Vermont (previously defined as the Property).

2. On or about March 16, 2023, the parties entered into a settlement agreement disposing of the matter before the Court and setting forth certain obligations of the parties.

3. On April 14, 2023, the Town filed the Settlement Agreement with the Court along with a proposed stipulated Judgment Order incorporating the Settlement Agreement and dismissing the matter before the Court.

4. The Court accepted and signed the Judgment Order with Settlement Agreement incorporated on April 24, 2023 (previously defined as the Judgment Order and Settlement Agreement). See Judgment Order (dated April 24, 2023).

5. The Settlement Agreement requires, among other things, that Mr. Workman pay the Town $70,000 due at the date of the entry of the Judgment Order (the Payment). See Settlement Agreement (attached to Judgment Oder).

6. The Settlement Agreement requires that the Payment accrues 12% per annum compounding interest, but that interest would be waived for the six months following the date of the Judgment Order if Mr. Workman makes good faith efforts to sell the Property within that six-month time frame. See Settlement Agreement at 2.

7. If the Property did not sell within that six-month period and Mr. Workman did not make good faith efforts to sell the Property, the Payment was to accrue interest from the date of the Judgment Order until the payment was satisfied. Id.

8. If, however, the Property did not sell within the six-month period, but Mr. Workman did use good faith efforts to sell the Property and satisfy the judgment, interest would occur on the balance of the Payment only after the six-month period ended. Id.

2

9. To date, the Property has not been sold and Mr. Workman has not made the Payment to the Town.

10. Since the date of the Judgment Order, Mr. Workman has not formally listed the Property for sale on the MLS.

11. Mr. Workman's brother, a real estate agent, assisted Mr. Workman somewhat in attempting to sell the Property, but Mr. Workman did not retain any real estate agent to assist in the sale of the Property.

12. Mr. Workman erected a sign on the Property noting that it was a lot for sale, but that sign is not easily viewed from Vermont Route 15, the major roadway in the area.

13. This sign is the only formal posting of the Property for sale.

14. Mr. Workman did not get the Property appraised.

15. Mr. Workman informed people who inquired about the Property that the sale price ranged from approximately $330,000 to approximately $280,000.

16. The tax assessed value of the Property is $109,000.

### Discussion

"Generally, when a settlement agreement is entered into, it may be enforced either summarily, by a motion in the original action to compel performance, or by a separate action founded upon the settlement agreement." Petition of Telesystems Corp, 148 Vt. 411, 412 (1987) (citations omitted). In this case, the Town is seeking enforcement through the second means: through a motion in the original action. "Vermont law, however, requires that such enforcement occur only after the court approves the terms of a settlement agreement and enters an appropriate judgment order based on the agreement." Id. at 413. Here, it is undisputed that the partes entered into a binding agreement and that agreement was incorporated into the Court's April 24, 2023 Judgment Order. Thus, the Court has the authority to review the Settlement Agreement.

The Court is not aware of a specific standard in Vermont for what constitutes a good faith effort to sell a property. The term, however, implies a requirement that a seller takes reasonable, earnest steps towards selling a property, even if ultimately unsuccessful. We conclude that Mr. Workman did not do so here. Specifically, the sole posting of the Property for sale was a

3

handmade sign on the Property that was not reasonably visible on a major roadway network such as Vermont Route 15.  Mr. Workman did not hire a real estate agent to formally list the Property on the MLS, nor did he list the Property for sale on the MLS himself. [1]  Thus, it's unclear to the Court how a sufficiently broad audience of potentially interested buyers would know of the Property's listing beyond those who happened to travel near the Property.  Further, Mr. Workman did not hire an appraiser to assist him in understanding the market value of the Property.  While Mr. Workman has calculated a value of the Property, an appraiser would be able to assist him in understanding how to price the Property for reasonable sale, even if he did not choose to formally hire a real estate agent.

The Court recognizes that some of these actions cost money.  In this instance, however, the sale of the Property is a central part of the Settlement Agreement and obligates Mr. Workman to undertake good faith efforts to sell the Property. The failure to obtain an appraisal or list the property for sale on the MLS is clear evidence to the Court that Mr. Workman did not undertake good faith efforts to sell the Property.

For the foregoing reasons the Court concludes that Mr. Workman has not undertaken good faith efforts to sell the Property.  We **GRANT** the Town's motion and pursuant to the terms of the Settlement Agreement incorporated in the Judgment Order the Court concludes that 12% per annum compounding interest accrues on the Payment, running from the date of the Judgment Order, April 24, 2023.[2]

Electronically signed January 24, 2024 in Montgomery, Vermont pursuant to V.R.E.F. 9(D).

Thomas G. Walsh, Judge
Superior Court, Environmental Division

---

[1] An option to listing on the MLS is one of the on-line "For Sale By Owner" services.
[2] While not a necessary part of this Court's ruling on the pending motion, the Court notes that Mr. Workman has expressed the willingness to sell the Property to the Town.  While the price of the Property in such a potential sale may be disputed by the parties and require some negotiation, the Court would strongly encourage the parties to reasonably work together to further the sale of the Property.